### 31664. KING v. KING et al.

HALL, Justice.

Appellant was appointed administrator of Mrs. S. E. King's estate on March 3, 1975, Mrs. King having died in 1932. Thereafter he made application to sell certain property allegedly owned by the estate. Pursuant to Code Ann. § 113-1801 the appellees filed an affidavit to the effect that the realty in question was not owned by Mrs. King's estate, but rather belonged to them. The matter was thereafter transferred to the Superior Court of Habersham County for trial as provided by Code Ann. § 113-1802. Upon the trial of the case, a verdict was returned in favor of the appellees. Appellant's motions for judgment notwithstanding the verdict and for a new trial were denied.

Mrs. King's husband died intestate in 1926 owning certain real estate. Subsequent to his death, his property was divided between his eight children and his wife by a mutual exchange of deeds. In that exchange, Mrs. King obtained title to the homeplace, the land in question in this litigation, and lived there until her death in 1932. Within one month of Mr. King's death in 1926, the King's son Peter and his wife Recie moved in with Mrs. King on the homeplace, purportedly to look after her and care for her. Peter and Recie and their children (the appellees) lived on this property until Mrs. King's death in 1932 and continuously thereafter until now, with the exception of a short period of time in the 1930's when the main house was being rebuilt subsequent to a fire.

The appellees contend that Mrs. King gave the

homeplace property to their parents, Peter and Recie, in consideration of their agreement to care for the invalid Mrs. King until her death, which they did. Appellees admit, however, that Mrs. King never made a written conveyance of the lands to Peter and Recie. There is evidence that Peter built on this land, cut timber off this land, cultivated and farmed this land, paid taxes on this land, sold part of this land to the county for road right-of-ways without objection, and generally used this land as his own. All of Peter and Recie's children were reared on this land and continue to be in possession. Possession of this property in the Peter King family since 1927 has been open and notorious; there is no evidence that Peter's seven siblings or any of their lineal descendants has ever claimed any interest in the said lands prior to this litigation. Appellees' contentions are supported by an affidavit prepared and signed by Peter and Recie which was recorded in Habersham County in 1972 pursuant to Code Ann. §§ 38-638, 38-639 and 38-640.

When Peter King died intestate in 1973, any property interest he had passed to Recie and his five children (the appellees). Subsequent thereto, the children quitclaimed all the interest they had in the homeplace property to Recie. Recie died testate in 1974. Her will devising all of her property interests to her children in equal shares was probated in solemn form. The appellee children's property was divided pursuant to a mutual exchange of warranty deeds.

1. Appellant contends in enumerations of error 2, 8 and 9 that the trial court erred in admitting Peter and Recie King's affidavit because it contained hearsay and self-serving declarations, because it violated the Dead Man's Statute (Code Ann. § 38-1603), and because the affidavit was not in proper form.

Code Ann. §§ 38-638, 639 and 640 (Ga. L. 1955, p. 614) provide for the recording of affidavits showing facts affecting title to land; for the admissibility of such affidavits in evidence; for the recording of such affidavits; and repealed conflicting laws. This statute, among other things, provides that in any litigation over any of the lands referred to and described in any of these affidavits where the facts therein may be material, the affidavits or

certified copies thereof "shall be admissible in evidence and there shall be a rebuttable presumption that the statements in said affidavits are true." These affidavits are admissible, however, only where the affiant is deceased, unavailable, or too sick or infirm to appear in court. Since both affiants were deceased at the time of trial and since the facts recited in the affidavit were material to this litigation, the affidavit would be admissible under the statute. Recie and Peter King did not testify at the trial, nor were they opposite parties in this litigation; therefore this affidavit did not violate the Dead Man's Statute. See Code Ann. § 38-1603 (1). Furthermore, we find that Code Ann. § 38-639 provides both an exception to the hearsay rule and to the Dead Man's Statute.

Appellant argues that Peter and Recie King's affidavit failed to contain a "caption referring to the then owner" as required by Code Ann. § 38-640. We find this contention to be without merit.

2. Appellant contends that the court erred in allowing appellees to cross examine a witness called by the appellees, said witness not being adverse or hostile to the appellees nor a party opponent. We find this contention to be without merit.

Appellees called Edward Kimsey as a witness and moved the court to allow cross examination on the basis that as a grandchild of Mrs. S. E. King he stood to benefit from a decision favorable to the appellant. Code Ann. § 38-1801 provides that a party may call as a witness any one for whose benefit such suit is prosecuted or defended for the purpose of cross examination. Any person who would have inherited a portion of this property from Mrs. King had the property been found to be a part of her estate would come within the meaning of this statutory provision. Mr. Kimsey was such an individual. See *Peretzman v. Simon,* 185 Ga. 681 (10) (196 SE 471) (1938).

3. The remaining enumerations of error are without merit. The trial court did not err in denying the appellant's motion for judgment notwithstanding the verdict or his alternative motion for a new trial.

*Judgment affirmed. All the Justices concur, except Jordan, J., who concurs in the judgment only.*

ARGUED NOVEMBER 9, 1976 — DECIDED JANUARY 28, 1977.

*Griggs & Butterworth, James N. Butterworth,* for appellant.

*Linton K. Crawford,* for appellees.