### 36753. MAXCO, INC. v. VOLPE et al.

CLARKE, Justice.

Appellees Volpe and Meister were limited partners in a limited partnership known as Waldrop Road Properties, Ltd. (hereinafter Waldrop). Waldrop was organized in 1972 pursuant to the Uniform Limited Partnership Act, Code Ann. § 75-401, et seq., for the purpose

of acquiring and developing real property. The only property ever acquired by the partnership was 66 acres in DeKalb County. According to the limited partnership agreement, Volpe and Meister were each to receive one-sixth of the profits, losses and distributions, and the general partner, Vasen, was to receive two-thirds.

In June, 1978, the general partner, Vasen, determined that an additional $18,000 was needed for taxes, legal and accounting fees, and liability insurance. He notified the two limited partners that each would be required to pay $3,000. When neither responded, Vasen declared them "defaulting partners" within the meaning of the limited partnership agreement, and declared their interest in profits and losses allocated to him inasmuch as he had advanced to Waldrop the funds required.

In April, 1979, the property which is the subject of this lawsuit was sold for $150,000 to appellant Maxco, Inc. This was done after notice to the limited partners and under authority granted to the general partner by the agreement. On June 13, 1979, the limited partners filed an affidavit in the deed records of DeKalb County reciting that the sale of the property violated the limited partnership agreement and claiming an interest in the property. Maxco, the purchaser, then filed a complaint in four counts. Count 1 sought to quiet title and remove a cloud on title and to have the limited partners' affidavit stricken from the DeKalb County records. Count 2 sought a declaratory judgment that Maxco's warranty deed is a valid conveyance. Counts 3 and 4, alleging tortious interference with Maxco's business and slander on title, are not involved in the present appeal.

The limited partners filed an answer and counterclaim for damages or, alternatively, to have the sale set aside. The limited partners prayed also for declaratory relief and an accounting. Maxco moved for summary judgment as to the prayers to quiet title and for declaratory judgment and as to all counts of the counterclaim. The trial court denied appellants' motion for partial summary judgment, and this court granted an interlocutory appeal.

The limited partners contend that they are entitled to damages or that the sale of the subject property should be set aside because there was a conspiracy between the general partner, Vasen, and Maxco, the purchaser. They allege that Steven Vasen was the controlling shareholder and president of Maxco. There is an outstanding motion to add Vasen as a party to this litigation, but he is not presently a party. The limited partners allege that the property was sold for a fraction of its actual value as part of the conspiracy between Vasen and Maxco.

1. The central issue in this case is Maxco's contention that the

record supports a summary judgment declaring the affidavit to be of no effect and the deed to be a valid conveyance. In determining this issue, it is necessary to examine the nature of affidavits relating to the title to real property.

These affidavits are provided for by Code Ann. §§ 38-638, 38-639, and 38-640. The affidavits so authorized are not conveyances nor are they a legal proceeding by which a party may attack the title to realty or cure a defect in the title. These affidavits are simply notice and evidence. The recording of the affidavit does three things. It puts the world on notice of the facts contained therein, it preserves the evidence and it provides a foundation for its admissibility provided the facts are material. *King v. King,* 238 Ga. 268 (232 SE2d 549) (1977). As a practical matter, however, the presence of an affidavit on the deed records can, and often does, affect the marketability of the title to the realty. Therefore, justice demands that there be some means of securing a court order adjudicating whether the affidavit creates an issue as to the title to the realty. This is what is being attempted in the instant case. In making this attempt, Maxco filed its action against the affiants but has not included Waldrop as a party to the suit. This was done even though Waldrop is the party which would benefit directly if the facts sworn to were determined to be true and to result in the cancellation of the deed from Waldrop to Maxco. Any benefit to the affiants would be indirect because they hold no title to or interest in the real estate. The real estate was owned by a limited partnership which is a legal entity and authorized to hold title to real property in its own name. Code Ann. § 75-404. As such a legal entity, the limited partnership is entirely separate and apart from its partners and in fact the property interest held by a limited partner is tangible personal property. A limited partner owns an interest in the legal entity but holds no title to the assets of the partnership. Code Ann. § 75-419. *Hirsch v. Equilateral Associates,* 245 Ga. 373 (264 SE2d 885) (1980); *Hill v. L/A Management Corp.,* 234 Ga. 341 (216 SE2d 97) (1975). This does not mean, however, that the limited partners are incompetent to make an affidavit relating to the title to the real estate. The statute providing for affidavits relating to real estate titles allows such affidavits to be made by "any party whether connected with a chain of title or not." The affidavit is evidence and the affiant is a witness. An order limiting the use of evidence may not be sought in an action against a mere witness, but may be sought in an action against a party at interest.

We therefore hold that any legal proceeding attacking a recorded affidavit relating to the title to realty must include as parties all of those parties who would be necessary in an action to cancel or reform the conveyance which is the subject matter of the

affidavit, if any, or such parties as would be necessary in an action establishing title by prescription or otherwise. Since the question put into issue by the affidavit in this case is the validity of the deed from Waldrop to Maxco, we hold that Waldrop is an essential party and in Waldrop's absence from this action, Maxco is not entitled to a summary judgment.

2. In Count 1 of the counterclaim, the limited partners allege a conspiracy between Vasen and Maxco to terminate the limited partnership interest of the limited partners and to sell the property for the benefit of Vasen and/or Maxco. The limited partners allege in their counterclaim that Vasen and Maxco engaged in a scheme of self-dealing in order to realize for their sole benefit the limited partners' right for one-third share of the partnership's equity in the property. The limited partners seek damages in the amount of one-third of the partnership's equity in the subject property at the time of its conveyance or one-third of such equity as Vasen and/or Maxco might hereafter realize upon resale of the property, whichever is greater. We affirm the trial court's denial of summary judgment for Maxco as to this count of the counterclaim. There are genuine issues of material facts as to Maxco's dealings with Vasen. The determination of these issues could result in proving a conspiracy and the assessment of damages against Maxco. As stated above, Steven Vasen is not a party to this litigation at this time.

3. In Count 2 of the counterclaim, the limited partners seek an accounting by Vasen respecting all actions and activities undertaken by him on behalf of the partnership. Maxco's motion for summary judgment as to this count of the counterclaim should have been granted inasmuch as this count relates only to a prayer that Vasen be held accountable for a full accounting. Vasen is not a party to this litigation.

4. Count 3 of the counterclaim seeks a judicial review of the sale of the property to Maxco and a setting aside of the sale if the evidence so warrants. Maxco is entitled to summary judgment as to Count 3 of the counterclaim, which seeks to have the sale set aside. The grantor and grantee of a deed are necessary parties to an action to cancel a deed. *Czyz v. Czyz,* 240 Ga. 806 (242 SE2d 585) (1978); *Emhart Corp. v. McLarty,* 226 Ga. 621 (176 SE2d 698) (1970). Since the grantor is not a party to this action, summary judgment should have been granted as to Count 3 of the counterclaim.

5. Count 4 of the counterclaim seeks a declaratory judgment as to (1) the interest of the limited partners under the terms and provisions of the partnership agreement; (2) the lawfulness or unlawfulness of actions taken by Vasen; (3) the rights of the limited partners vis-a-vis the sale of the property to Maxco and their right

to distribution of equity presently existing in and/or hereinafter realized from the property; (4) the invalidity of the attempted sale to Maxco. Issues (1), (2) and (3) above are issues which are unrelated to Maxco and are not part of any controversy between the limited partners and Maxco. Maxco should have summary judgment as to these issues. Issue (4) above, as we have discussed at length in Division 1 above, cannot be determined in this lawsuit without the indispensable parties' being joined. Accordingly, Maxco is entitled to summary judgment as to this count.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

DECIDED FEBRUARY 17, 1981 —
REHEARING DENIED MARCH 3, 1981.

*Troutman, Sanders, Lockerman & Ashmore, J. Kirk Quillian, Donald W. Janney,* for appellant.
*Alston, Miller & Gaines, Franklin R. Nix,* for appellees.