## 68639. McCUMBERS v. TRANS-COLUMBIA, INC.
### (322 SE2d 516)

BIRDSONG, Judge.

Summary Judgment — Breach of Contract. Kenneth McCumbers, a home builder and developer of residential lands, entered into a contract to purchase from Gary Waters, the president of Trans-Columbia, 31 acres, more or less, of land located at a desirable point on a busy road. Waters was the president of Trans-Columbia, with one Golabchi and his wife as the other principal owners of the corporate assets. Golabchi was the actual owner of the 31 acres. In the past, Golabchi had transferred assets to Trans-Columbia for sale by the corporation inasmuch as profits benefitted Golabchi as a stockholder. Waters obtained tentative verbal approval of Golabchi's attorney in fact to make the sale to McCumbers on the assumption that Golabchi, who was out of the country, would transfer ownership to the corporation. Waters and McCumbers signed the sales contract leaving blank the description of the property to be sold. At the time the contract was signed, Waters was having a survey made of the property. An agreement was made that McCumbers would pay for the survey and incorporate the description of the property into the sales contract when the survey became available. Waters also agreed to allow McCumbers to have the land divided into lots by the preparation of land survey drafts prior to the actual conveyance so as to start subdivision

of the property as soon as transfer was accomplished.

The complaint filed by McCumbers arose out of the fact that upon Golabchi's return to Columbia County, he refused to transfer the property to Trans-Columbia. Thus, Waters was unable to perform the contract. McCumbers, in his complaint, sued for breach of the sales contract and damages arising out of the lost profits and expenses incurred in preparing the legal papers and engineering survey. Waters (Trans-Columbia), after discovery, sought summary judgment, arguing that the sales contract was vague and unenforceable for lack of a description of the property to be sold. The trial court granted Trans-Columbia summary judgment. It is that grant that forms the basis of this appeal. *Held*:

McCumbers makes several arguments in support of his prayer for a reversal of the grant of summary judgment. He contends that oral evidence was admissible to show that Waters (as principal officer of Trans-Columbia) impliedly, if not expressly, contractually authorized McCumbers to enter the legal description of the property after the contract was executed. This argument apparently seeks to show that by common understanding the contract as executed was incomplete and that parol evidence was therefore admissible to show the true intent of the parties without modifying the contract in any way. Thus in effect, McCumbers contends there is a completed contract only when the written document is supplemented by an additional oral agreement completing the whole. Secondly, McCumbers contends that the doctrine of estoppel in pais applies. There is no dispute that a contract was executed, nor that McCumbers changed his legal position to his disadvantage in reliance on that contract. Thus, McCumbers argues that not only can he enter evidence to show the true terms of the agreement, but that Waters is equitably estopped to deny these occurrences. In furtherance of this last argument, McCumbers contends that the partial performance of the contract to his disadvantage allows the submission of parol evidence to show the true intent of the parties. Lastly, McCumbers posits that because of the undisputed agreement between the parties to allow the legal description to be inserted in the contract after its execution, the parol evidence does nothing more than show the carrying out of the terms of the agreement.

We have no disagreement with any of the legal principles advanced by McCumbers. We simply find no application of those principles to the document involved in this case. Most of the cases relied upon by McCumbers deal with the propriety of admission of parol evidence to explain ambiguous terms of contracts for the performance of services or the transfer of personalty. The principles sought to support his position have great pertinence in cases involving personalty or services.

However, as we view the nature of McCumbers' complaint and his prayers for relief based thereon, it is clear that McCumbers relies solely on the contract for sale of realty. A clear and definite description of the land to be sold is essential to give life to a contract involving the sale of realty to satisfy the statute of frauds. OCGA § 13-5-30 (4); *Smith v. Wilkinson*, 208 Ga. 489 (2) (67 SE2d 698). A provision for a subsequent survey will not cure a contract which at the time of execution contains no description of the land to be sold at all. See *Laurens County Bd. of Education v. Stanley*, 187 Ga. 389, 390 (200 SE 294). In the absence of any description at all, it is not possible from the conveying document to locate the boundaries of the land sought to be conveyed, nor is a key provided which can explain or provide a precise description of the property. *Plantation Land Co. v. Bradshaw*, 232 Ga. 435, 438 (207 SE2d 49). Furnishing a "key" refers to a state of facts or circumstances existing at the time the contract is executed and not to what may be the future intention of the vendor and vendee. Insofar as the identity of the land attempted to be conveyed is concerned, the key must be in the document itself and lead to the establishment and location of boundaries as of the time of the execution of the contract. A survey to be made in the future does not do so. *Laurens County Bd. of Education v. Stanley*, supra, p. 390.

We recognize that where a description refers to a particular name as "the Oakley-Pirkle" property (the situation in this case), parol evidence is admissible to show that such a place does exist. *Knighton v. Hasty*, 200 Ga. 507 (37 SE2d 382). In such instances, a descriptive name is said to provide the "key" which may be explained by parol evidence. However, there is a marked distinction between explaining an ambiguous description by parol evidence, and admitting parol evidence to supply a non-existent description. *Douglass v. Bunn*, 110 Ga. 159, 163 (35 SE 339). There being no description of any sort, there can be no key. To allow the arguments presented by McCumbers to prevail would be wholly to abrogate the demands of the statute of frauds. This we cannot countenance. We find no error in the grant of summary judgment to Trans-Columbia under the circumstances presented to us in this case.

*Judgment affirmed. Quillian, P. J., and Carley, J., concur.*

DECIDED SEPTEMBER 12, 1984 —
REHEARING DENIED SEPTEMBER 27, 1984

*A. Stephenson Wallace*, for appellant.

*David E. Hudson, Andrew J. Kilpatrick II, David B. Bell*, for appellee.