71002. McCANN v. MILLER.
(338 SE2d 509)

McMURRAY, Presiding Judge.

Boundary line dispute. Plaintiff S. E. Miller brought suit against E. E. McCann to seek the determination of a boundary line. In addi-

tion, plaintiff sought damages and injunctive relief alleging defendant was trespassing upon his land. From a jury verdict and judgment entered thereon in favor of plaintiff, defendant appeals. *Held*:

1. This case is not one "involving title to land"; it only concerns the boundary line between coterminous landowners. Moreover, although the case originally involved equity, no ruling upon the equitable features of the case is presented for review. Accordingly, this court has jurisdiction of the appeal. *Taylor v. Murray*, 215 Ga. 628 (112 SE2d 583); *Whaley v. Ellis*, 209 Ga. 147 (71 SE2d 209).

2. In his first and second enumerations of error, defendant attacks the sufficiency of the description set forth in plaintiff's deed. In pertinent part, the deed reads: "[A]ll that tract or parcel of land lying and being in Fannin County, Georgia, and being part of lot of Land No. 312, in the 8th District and 2nd Section of said County, and bounded as follows: Beginning at an iron stake on Snake Nation road and running a Southerly direction a straught [sic] line to the ridge road on top of mountain; Thence with ridge road a Southerly direction to a Maple tree on the side of the road; thence West a straight line to a locust tree on old Snake Nation road; thenc [sic] down old Snake Nation road to the original line; thence West with the original line to the original corner[;] Thence North with Snake Nation road to an iron stake; thence a North direction down Snake Nation Road to an iron stake. Corner Containing 23, acres, more or less, said property fully described in a plat made by D. C. Cole, C. E. January 1957."

"A deed wherein the description of the property sought to be conveyed is so vague and indefinite as to afford no means of identifying any particular tract of land is inoperative either as a conveyance of title or as color of title." *Crawford v. Verner*, 122 Ga. 814 (1) (50 SE 958). Is the description of the property set forth in plaintiff's deed so vague as to be inoperative?

" 'The question of the sufficiency of description of property . . . is one of law, for the court; that of the identity of the property . . . is one of fact . . .' " *Bank of Cumming v. Chapman*, 245 Ga. 261 (264 SE2d 201). Accord *Wisener v. Gulledge*, 251 Ga. 419, 422 (306 SE2d 642). We cannot say the description in the plaintiff's deed is insufficient as a matter of law.

"Perfection in legal descriptions of tracts of land is not required. 'If the premises are so referred to as to indicate . . . (the grantor's) intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.' *Crawford v. Verner*, supra at 816." *Wisener v. Gulledge*, 251

Ga. 419, 420, supra. We think the description of the property in the plaintiff's deed discloses with sufficient certainty the intention of the grantors with regard to the quantity and location of the property. To the extent the beginning point and the corners may have been indefinite, they were fixed by parol evidence. See *Wisener v. Gulledge*, 251 Ga. 419, supra. The mere fact that the deed describes property in Land Lot 312 and the disputed boundary lies in Land Lot 13 (a contiguous land lot) is immaterial. "Where a deed describes land as being parts of certain numbered lots, and also contains a description of the tract of land by metes and bounds, calling for natural, visible, and ascertained objects and monuments, and such description by such metes and bounds includes a part of a lot not designated by number, such metes and bounds must govern." *White v. Spahr*, 207 Ga. 10 (4) (a) (59 SE2d 916).

3. In his third and final enumeration of error, defendant asserts the trial court erred by admitting in evidence an affidavit which aided the identification of the boundary line because it constituted hearsay. The enumeration of error is without merit. The affiant was deceased at the time of trial and his affidavit had been filed with the clerk of the superior court of Fannin County. The affidavit contained a caption referring to the current owner and to a deed in the chain of title of the property in question. The facts recited in the affidavit were material to this litigation. Accordingly, the affidavit was admitted in evidence properly as an exception to the hearsay rule. OCGA § 44-2-20. *King v. King*, 238 Ga. 268, 269 (1) (232 SE2d 549).

*Judgment affirmed. Banke, C. J., and Benham, J., concur.*

DECIDED NOVEMBER 22, 1985.

*Robert K. Ballew*, for appellant.
*Hugh W. Stone*, for appellee.