YORK ASSOCIATES, INC., Plaintiff,

v.

FRENCHMAN'S CREEK INVESTORS, LTD., a Georgia limited partnership, Martensen, Wong & Co., a California general partnership, Robert L. Martensen, and Art B. Wong, Defendants.

No. 1:89–CV–988–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 14, 1989.

M. Jerome Elmore, John Earl Floyd and Suzanne Forbis North, Bondurant, Mixson & Elmore, Atlanta, Ga., for plaintiff.

Otto F. Feil, III, Vincent Chorey Taylor & Feil, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This case is currently before the court on the motion of defendants, Martensen, Wong & Co., and Robert L. Martensen and Art B. Wong, to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This case arises out of a loan made by the plaintiff York Associates Inc. ("York") to the partnership Frenchman's Creek Investors Ltd. ("Frenchman's Creek") for the financing of an apartment complex in College Park, Georgia for low to moderate income families co-insured by the Department of Housing and Urban Development pursuant to the National Housing Act.

## FACTS

Plaintiff, York, is a District of Columbia corporation with its principle place of business in Bethesda, Maryland. Defendant, Frenchman's Creek, is a Georgia Limited Partnership which owned the apartment complex Frenchman's Creek in College Park, Georgia. Frenchman's Creek's former managing partner is a California General Partnership, Martensen, Wong & Co. consisting of two partners, Robert L. Martensen and Art B. Wong.

On July 30, 1986, Frenchman's Creek executed a Security Deed to secure a refinancing loan by York to the Partnership in the principal amount of $4,520,000. The loan was made pursuant to the terms of a Security Deed note, a Security Agreement and a Regulatory Agreement. The Regulatory Agreement is a standard form agreement required by HUD in connection with its coinsurance of housing projects. The agreement places certain restrictions on the property and provides for certain duties of the owner. Among other things, this Regulatory Agreement required the "owner", Frenchman's Creek, to obtain the written approval of the lender, York, before it transferred or disposed of any legal interest in the project. HUD was also made a party to this agreement.

Beginning on November 1, 1987, Frenchman's Creek failed to comply with its payment obligations under the Security Deed Note.[1] On or about July 1, 1988, Martensen, Wong & Co. transferred its entire general partner interest in the Frenchman Creek Partnership to a third party called Georgia Apartment Acquisitions, Inc. Martensen, Wong & Co. did not seek or obtain York's consent before this transfer. The current general partner of Frenchman's Creek is Georgia Apartment Acquisitions, Inc., a Florida Corporation allegedly owned or controlled by Irwin Cantor. Georgia Acquisitions has not been made a party to this action.

York's complaint alleges that the defendants either obtained rents from the project and used them for their own personal benefit or by transferring their interests in the partnership to Mr. Cantor, allowed him to obtain the rents and profits and convert them to his own use. In addition the complaint alleges that the defendants violated their obligations under the Regulatory Agreement to maintain the project in good condition and promptly complete necessary repairs.[2]

Defendants Martensen and Wong and their partnership, Martensen, Wong & Co., (the "Movants"), now seek to dismiss the plaintiff's complaint on essentially two grounds: 1) that the terms of the Security Deed prevent any action against the partners individually or against the partnership, and 2) that the plaintiff's allegation that Martensen, Wong & Co. violated the Regulatory Agreement's prohibition against unapproved transfers by selling their interest in the Frenchman's Creek partnership does not state a viable claim.

DISCUSSION

I. *The No–Transfer Without Approval Provision*

■ The Regulatory Agreement executed by Frenchman's Creek provides, in a section entitled "Obligations of Owner":

The Owner agrees to do the following.

\* \* \* \* \* \*

11. Obtain the Mortgagee's written approval before taking any of the actions listed below ...

a. conveying, assigning, transferring, encumbering or disposing of any legal interest in the Project including rents and security deposits.

Exhibit F to Complaint, p. 8.

Frenchman's Creek Investors Inc. is a Georgia limited Partnership, and as such it is a legal entity authorized to hold property in its own name. O.C.G.A. § 14–9A–21. As a legal entity the limited partnership is entirely separate and apart from its partners. A partner owns only an interest in the legal entity and holds no title to the assets of the partnership. *Maxco, Inc. v. Volpe*, 247 Ga. 212, 214, 274 S.E.2d 561 (1981).

Martensen, Wong & Co. did not have a legal interest in the Frenchman's Creek Project. Its interest was in Frenchman's Creek Investors, which in turn owned the property. A general partner in a limited

---

1. For the purposes of this motion, the court accepts as true all factual allegations contained in the Plaintiff's complaint. *Jenkins v. McKeithen*, 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1969).

2. Plaintiff's complaint initially contained four counts, however, on May 18, 1989 plaintiff voluntarily dismissed counts III and IV pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

partnership has the right to transfer his interest in the partnership if such a right is given in the partnership certificate.[3] Martensen, Wong & Co. transferred its interest in the partnership to Georgia Apartment Acquisitions, however, Frenchman's Creek, the "owner" did not sell or transfer any of its legal interest in the Project and continued to hold title to the property under the management of Georgia Acquisitions.

Plaintiff's chose not to address this critical issue in their otherwise well argued response to the motion to dismiss, therefore, the court must assume they do not contest the defendant's position. The court finds that the part of plaintiff's complaint alleging a violation the Regulatory Agreement's prohibition against transfers without York approval does not state a claim upon which relief can be granted against the movants.

## II. *Liability of the Partnership*

■ Defendants have also moved to dismiss the remainder of the complaint on the grounds that the Security Deed is a non-recourse loan which specifically precludes any suit against the movants, either individually or as partners. The Security Deed states in relevant part:

> [I]n the event of a default under the terms hereof, the holder hereof [York] shall take no action against the Grantor [the Partnership] or the partners individually or as partners except such as may be necessary to subject to the satisfaction of the indebtedness the property described herein, together with any chattels appurtenant to the use thereof. *Provided* that nothing herein contained shall operate to impair any obligation of the Grantor [the partnership] under the Regulatory Agreement herein referred to and made a part hereof.

Exhibit C to Complaint, p. 1. This section accomplishes two things. First it provides that upon default the mortgagee cannot hold the owner or its partners liable. The debts of the project may be satisfied only by the property itself. Secondly, this section provides that the Grantor is not exempt from liability for default on its obligations under the Regulatory Agreement. Though movant asserts that this clause suggests that only the Grantor, the partnership, may be held liable, that reading, though plausible, conflicts with the specific language of paragraph 21 of the Regulatory Agreement and the apparent intent of the makers of the loan. Paragraph 21 of the Regulatory Agreement provides:

> The following Owner: FRENCHMAN'S CREEK INVESTORS, LTD., a Georgia limited partnership, and any person or entity which is on the date hereof a general or limited partner and any person or entity which subsequent to such date may become a general or limited partner in said partnership, do not assume personal liability for payments due under the Note and Deed, or for the payments to the Reserve for Replacements, or for matters not under their control, provided that said Owner or any of its partners shall remain liable under this Agreement only with respect to the matters hereinafter stated; namely:
>
> a. For funds or property of the Project which come into their hands and which they are not entitled to retain; and
>
> b. For their own acts and deeds or acts and deeds of their authorized agents that are in violation of the provisions of this Agreement.

Exhibit F to Complaint, p. 10.

This agreement is incorporated into the Security Deed itself, and by its express terms the non-recourse provisions of the Deed do not apply to the terms of the Regulatory Agreement. The federal courts which have reviewed an owner's liability under the provisions of a regulatory agreement in a HUD insured situation have consistently held that the owner may be held liable for violations of that agreement.

**3.** Section 14-9-702 of The Revised Uniform Limited Partnership Act provides that a General Partner in a limited partnership may transfer or assign his or her interest in whole or in part, however, it seems that for partnerships created prior to July of 1988 § 14-9A-70 applies. Under the prior code, the Partnership Certificate may legally provide for the transfer of such interests.

994

*United States v. Haddon Haciendas Co.,* 541 F.2d 777 (9th Cir.1976); *Thompson v. U.S.,* 408 F.2d 1075 (8th Cir.1969).

Therefore, the defendants may be held liable 1) for any funds which came into their hands which they were not entitled to retain while they were the managing general partners of the Frenchman's Creek Partnership and 2) for any acts or deeds in violation of the Regulatory Agreement committed by themselves or their authorized agents.

CONCLUSION

Defendants motion is GRANTED in part and DENIED in part.

The allegation in Count I of the Complaint concerning Defendant's transfer of interest in the Project is DISMISSED. Only the parts of the complaint concerning movants' violations of its obligations under the Regulatory Agreement while it was Managing General Partner of Frenchman's Creek survive this motion to dismiss.

So ORDERED.