A03A1579. WHITE v. PLUMBING DISTRIBUTORS, INC.
(585 SE2d 135)

ELDRIDGE, Judge.

Plaintiff-appellee Plumbing Distributors, Inc. ("PDI") filed its complaint against defendant-appellant Dewey White seeking a declaratory judgment that a standard sales agreement ("Agreement") by which it was to purchase a graded but undeveloped tract of land containing approximately nine acres (the "Property" or "Site No. 1") from White was unenforceable as void on its face for lack of a sufficient description of the property, the return of earnest money in the amount of $25,000 plus interest paid thereon, damages for failure of title and negligent misrepresentation, and attorney fees under OCGA § 13-6-11. White timely answered denying the material allegations of the complaint and counterclaimed seeking a declaration that the contract in issue was enforceable. White likewise sought OCGA § 13-6-11 attorney fees. The Forsyth County Superior Court granted partial summary judgment to PDI finding that the Agreement, as amended and supported by exhibit, was void and unenforceable as alleged. Further, the superior court ordered Trinity Title Insurance Company to pay to PDI its earnest money with interest[1]

---

[1] Trinity was dismissed as a party to this action upon entry of the superior court's order directing that it hold the earnest money paid by PDI in a federally insured, interest-bearing

and awarded PDI its attorney fees and costs of litigation in the amount of $12,730, the latter determined upon proof submitted at a subsequent hearing.

Before this Court, White challenges the grant of partial summary judgment and the award of OCGA § 13-6-11 attorney fees, arguing that PDI failed to meet its burden of proof by showing the absence of any genuine issue of material fact as to the Agreement as void and unenforceable for an insufficient description of the Property. White further argues, apparently in the alternative, that the superior court erred in finding him in breach of the Agreement in that, lacking title to the Property, he could not perform thereunder. We disagree and affirm.

The record shows that the Property was a small part of a 284-acre tract of land owned by White, known as the Jefferson Property for which White had obtained a boundary survey. White later had prepared a master plan for the development of his Jefferson Property. While the master plan indicated on its face that it was prepared on the basis of boundary information from the survey of the Jefferson Property, it omitted all metes and bounds data from the same. Instead, the physical features of the Jefferson Property were depicted topographically, and, in the manner of an overlay, an access parkway and numbered building locations, shown as Site Nos. 1-19, were proposed by sketches drawn thereon, the building locations in heavy black lines.

On March 22, 2000, the parties entered into the Agreement. Therein, White agreed to sell PDI

> all that tract of land *being 9 to 10 +/- acres near Pendergrass in Jackson County, Georgia near U. S. Highway 129 on the south and Interstate I-85 on the west and being marked parcel 1 (60,000 s.f. Hotel site) as per Exhibit "A" attached and made a part of this contract on the attached survey,* more particularly described in Exhibit "B" attached hereto and by this reference made a part hereof. . . .

(Emphasis in original.) Exhibit A to the Agreement was a copy of that portion of the master plan showing Site Nos. 1 and 2 as well as handwritten annotations purporting to show properties belonging to Burger King and QuikTrip stores relative to Site No. 1, the Property. It is undisputed that the legal description of the Property which White as seller was to have added to the Agreement as Exhibit B was not added to the Agreement at the time the Agreement was executed.

---

account until ordered disbursed by the court or disbursed incident to the terms of any settlement by the parties.

And, although the Agreement was later amended, among other things to require PDI to obtain a metes and bounds survey of the Property for the approval of the parties, no further description of the Property was thereafter added to the Agreement. *Held*:

1. To satisfy the Statute of Frauds, a contract for the sale of property must state a clear and definite description of the property. Such description need not be perfectly stated; however, the contract:

> must furnish the key to the identification of the land intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable.

*Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 688 (534 SE2d 145) (2000). A description will be insufficient if it is indefinite to the degree that no particular tract of land is identified; nevertheless, a description which is vague will be sufficient if its precise location may be determined upon competent parol evidence. *Crawford v. Verner*, 122 Ga. 814, 816 (1) (50 SE 958) (1905). The issue of whether a property description is legally sufficient is one of law for the court to determine. *Swan Kang, Inc. v. Kang*, supra; *McCann v. Miller*, 177 Ga. App. 53, 54 (2) (338 SE2d 509) (1985).

Assuming arguendo that the Property, White's larger Jefferson Property, and the Burger King and QuikTrip properties, in part, share a common boundary, the master plan as depicted by Exhibit A is devoid of any indicia upon which the parties might determine the metes and bounds of the Property insofar as these would be "internal" to the Jefferson Property. In this regard, the superior court correctly concluded that the parties were left with "unfettered discretion to make judgment calls in converting [a] roughly-sketched line into a precise internal boundary for Site 1 via a survey, one obtained long after the execution of the Agreement." White points to no evidence to the contrary. Under these circumstances, the Agreement was void and unenforceable as a matter of law and not subject to rehabilitation by any subsequent action of the parties. "Insofar as the identity of the land attempted to be conveyed is concerned, the key must be in the document itself and lead to the establishment and location of boundaries as of the time of the execution of the contract. A survey to be made in the future does not do so. [Cit.]" *McCumbers v. Trans-*

*Columbia, Inc.*, 172 Ga. App. 275, 277 (322 SE2d 516) (1984); *Plantation Land Co. v. Bradshaw*, 232 Ga. 435, 441 (IV) (207 SE2d 49) (1974). Accordingly, partial summary judgment for PDI was proper. "If there is no evidence sufficient to create a genuine issue as to any essential element of plaintiff's claim, that claim tumbles like a house of cards." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

2. Neither did the superior court err in awarding PDI attorney fees in this case pursuant to OCGA § 13-6-11. That the Agreement was void and unenforceable was plain on its face, and the record is replete with evidence showing that PDI made this known to White prior to filing its lawsuit.

> As to whether [defendant White] was stubbornly litigious or caused [plaintiff PDI] unnecessary trouble and expense, mere refusal to pay a disputed claim[ ] without suit is not sufficient to award [OCGA § 13-6-11] attorney fees. The key to the test is whether there is a bona fide controversy. Where none exists, [as here,] forcing a plaintiff to resort to the courts in order to collect is plainly causing him to go to unnecessary trouble and expense.

(Citations and punctuation omitted.) *Typo-Repro Svcs. v. Bishop*, 188 Ga. App. 576, 580 (373 SE2d 758) (1988); *Wheat Enterprises v. Redi-Floors*, 231 Ga. App. 853, 857 (2) (501 SE2d 30) (1998).

3. In light of our disposition of Division 1, we need not address White's claim of error in the alternative contending that the superior court erred in finding him in breach of the Agreement. We do point out, however, that White fails to cite to any such ruling in the record, and we find none. " 'Where there is nothing in the record to support a contention of error, there is nothing to review.' " *Duckworth v. Collier*, 164 Ga. App. 139, 140 (1) (296 SE2d 640) (1982).

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JUNE 27, 2003 —
RECONSIDERATION DENIED JULY 9, 2003.

*Chamberlain, Hrdlicka, White, Williams & Martin, Richard N. Hubert*, for appellant.

*Andersen, Tate, Mahaffey & McGarity, Christopher R. Stovall*, for appellee.