A03A1197. NHAN et al. v. WELLINGTON SQUARE, LLC.
(589 SE2d 285)

ADAMS, Judge.

Wellington Square, LLC (Wellington) filed suit to recover the earnest money held by the escrow agent, Warren M. Schmitz & Associates Realty Company, Inc., (Schmitz) on behalf of the would-be purchaser. In an effort to avoid any obligation with respect to the earnest money or otherwise, Schmitz filed a motion to dismiss, challenging the sufficiency of the description of the property in the sales contract. In granting partial summary judgment to Wellington, the trial court determined that the property description did not violate the Statute of Frauds. Schmitz and the would-be purchaser appeal that finding.

Under an "Atlanta Board of Realtors Standard Commercial Sales Agreement," as amended, Wellington agreed to sell and Thuong N. Nhan and Xugen Thi Nguyen (collectively Purchaser) agreed to buy

all that tract of land Wellington Square at Indian Trail Lilburn and Dickens Road as more particularly described in Exhibit "A" attached hereto and by this reference made a part hereof, together with all improvements now located thereon, including all electrical, mechanical, plumbing and other systems and all fixtures located therein, as well as plants, trees and shrubbery thereon (collectively, the "Property").

Exhibit A was never attached.[1] Nhan and Nguyen agreed to pay the purchase price of $2,965,000 for the property. The sales agreement acknowledged Schmitz's role in acting "as an agent for Purchaser" and stated that the "Broker accepts its designation as Escrow Agent hereunder and agrees to hold and disburse the Earnest Money in accordance with Georgia law and as provided herein." Schmitz held $50,000 deposited by Nhan and Nguyen. Michele O'Donnell executed the agreement on behalf of Schmitz.

Nhan and Nguyen agreed to assume Wellington's existing loan on the property. Paragraph 1 of the special stipulations stated,

> [a] portion of the purchase price shall be paid by Purchaser's assumption of, and agreement to pay, the obligations of Seller under that certain Promissory Note dated September 25, 1997 (the "Note"), payable by Seller to GMAC Commercial Mortgage Corporation ("Lender"). The Note is secured by a deed to secure encumbering the Property, and evidences indebtedness (the "Loan") in the original principal amount of $2,150,000.00 in favor of Lender.

The parties later executed Amendment No. 1 which modified the agreement so that the "Purchaser shall obtain [a] new loan and pay off the balance and pre-paid yield (prepayment differential) of seller's existing loan accordingly." Thus, as amended, the agreement required Nhan and Nguyen to prepay rather than to assume Wellington's existing loan.

After the transaction failed to close, Wellington demanded the escrow money plus interest. When Schmitz refused to disburse the earnest money, Wellington filed suit against Nhan, Nguyen, and Schmitz. Nhan and Nguyen answered, counterclaimed against Wellington, and cross-claimed against Schmitz. In answering Paragraph 6 of Wellington's complaint, Nhan and Nguyen responded, "Purchasers admit that Seller, Purchasers and Seller [sic] were parties to that certain . . . Sales Agreement between the Seller and Defendants (the 'Contract') for the sale of that certain shopping center known as 'Wellington Square' located at the intersection of Indian Trail and Dickens Road, Lilburn, Georgia (the 'Property')." Nhan and Nguyen later amended their answer to raise a defense under the Statute of Frauds.

---

[1] OCGA § 43-40-25 (b) (19) requires a licensed broker "to deliver, within a reasonable time, a completed copy of any purchase agreement or offer to buy or sell real estate to the purchaser and to the seller" and provides sanctions for a broker who fails to do so. Here, it is undisputed that Schmitz acted as broker and it is similarly undisputed that a completed copy of the agreement that included Exhibit A was never delivered to the purchaser and seller as required by law.

Nhan and Nguyen filed a third-party complaint against O'Donnell, the broker who executed the contract for Schmitz; David O'Donnell, her husband; and their company, Direct Mortgage, Inc. Nhan and Nguyen claimed that "to earn substantial brokerage fees," the O'Donnells had advised them to enter into Amendment No. 1, even though the effect of that amendment was to increase their purchase costs by more than $300,000. They alleged that the O'Donnells breached fiduciary duties and made fraudulent representations to them.

Schmitz answered and filed a separate motion to dismiss the complaint for failure to state a claim and for violation of the Statute of Frauds. Wellington then filed a motion for partial summary judgment. As Schmitz concedes, the question raised in all these motions is "whether or not the description of the subject property in the real estate sales contract sufficiently identifies the property." Schmitz argued that because the description in the agreement did not clearly and sufficiently identify the property, it thereby failed to comply with the requirements of the Statute of Frauds and rendered the purported real estate sales contract void ab initio.

In support of partial summary judgment, Wellington offered the affidavit of Brian P. Cain, an experienced real estate attorney. Cain testified that after reviewing the sales agreement and using only the publicly available information and resources routinely relied upon by attorneys conducting title work, he was able to "readily locate the property described in the Agreement." Cain testified that by using "the Georgia Consolidated Real Estate Indexes, an on-line index maintained by the Georgia Superior Court Clerks' Cooperative Authority and available to the public through the Internet," he was easily able to specifically identify the property at issue. Cain testified that by conducting a computer search for "Wellington Square, LLC," he found that entity "owns only one piece of property in the State of Georgia: 5.4819 acres located on Dickens Road, Land Lot 0173, Land District 06, Gwinnett County, — the Property."

Wellington also submitted the testimony of the chief executive officer of Wellington Square Management, Inc., Richard A. Segall. Segall testified that Wellington Square, LLC had been formed in September 1997 "for the sole purpose of acquiring and owning the Wellington Square Shopping Center, located at the intersection of Dickens Road and Indian Trail in Lilburn, Gwinnett County, Georgia." According to Segall, "[a]ll of the Property is developed and used as the Wellington Square Shopping Center." In addition, Segall testified that Wellington Square, LLC "has never owned any real property other than the Property" at issue, "recorded in the real estate records of the Clerk of the Superior Court of Gwinnett County, Georgia, at Book 14790, Pages 201-203." Segall also testified that before Schmitz

filed its motion to dismiss, "[n]o party to the Agreement ever expressed any confusion over the precise location, size or boundaries of the Property," and no party "ever expressed any doubt over the sufficiency of the Agreement's description of the Property."

In denying Schmitz's motion to dismiss and in granting Wellington's motion for partial summary judgment, the trial court noted that "Georgia law does not require perfect property descriptions in real estate sales contracts. A description need only identify the land with reasonable definiteness or contain a key by which the property may be located by using extrinsic evidence." The trial court found that the agreement

> contains a key that leads unerringly to a metes and bounds description of the Property: specific references to Seller's Promissory Note and Deed to Secure Debt encumbering the Property, the latter of which is recorded in the real estate records of the Gwinnett County Superior Court Clerk and contains a metes and bounds description of the Property.

1. In three somewhat overlapping enumerations, Schmitz, Nhan, and Nguyen contend that the property description in the sales agreement was not sufficient to satisfy the Statute of Frauds because that description does not allow the property to be identified with reasonable definiteness. They argue that in the absence of the name of any city, town, or county "within the four corners of the document," the reference to the street intersection provides no "key" to identifying the property that would allow the use of extrinsic evidence. Finally, they assert that the references to the seller's promissory note and deed to secure debt do not identify the property at issue since no county, state, or recording location is mentioned as to those instruments.

To satisfy the Statute of Frauds (OCGA § 13-5-30), a contract for the sale of land must be in writing and must provide a sufficiently definite description of the property to be sold. *McCumbers v. Trans-Columbia*, 172 Ga. App. 275, 277 (322 SE2d 516) (1984). The Statute of Frauds requires that the described property be capable of identification. *Tippins v. Phillips*, 123 Ga. 415, 417 (51 SE 410) (1905). As a general rule,

> [w]hile it is not necessary that the instrument should embody a minute or perfectly accurate description of the land, yet it must furnish the key to the identification of the land intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a par-

ticular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract.

(Citation and punctuation omitted.) *Durham v. Davison*, 156 Ga. 49, 52 (118 SE 736) (1923). On the other hand, "[i]f the land is so imperfectly and indefinitely described in the writing that no particular tract or lot is designated, parol evidence is not admissible to supply a description." (Citations and punctuation omitted.) Id. at 54.

To be valid, a description in a deed, contract for the sale of land, or a claim of lien on real estate must identify the land with reasonable definiteness or contain a key by the use of which the description may be applied by extrinsic evidence. The key must open the door to extrinsic evidence which leads unerringly to the land in question.

(Footnotes omitted.) *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 287 (535 SE2d 286) (2000). Thus, there is "a marked distinction between explaining an ambiguous description by parol evidence, and admitting parol evidence to supply a non-existent description." (Citation omitted.) *McCumbers*, 172 Ga. App. at 277. In sum,

any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key. If such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void.

*Blumberg v. Nathan*, 190 Ga. 64, 66 (8 SE2d 374) (1940). Whether a description is legally sufficient presents a question of law for the trial court to decide. *McCann v. Miller*, 177 Ga. App. 53, 54 (2) (338 SE2d 509) (1985).

Here, the contract described the location of the property as "all that tract of land Wellington Square at Indian Trail Lilburn and Dickens Road as more particularly described in Exhibit 'A.'" Amendment No. 1 reiterated that the transaction was "for the purchase and sale of real Property located at: Wellington Square at Indian Trail Lilburn/Dickens Rd GA." The contract identified the name by which the real property was known as "Wellington Square." In Paragraph 4 of the special stipulations, Wellington warrantied against any known impediment "which after the Closing would materially, adversely affect the value of the Property or the ability of Purchaser to operate

the Property as a retail shopping center." In addition, the contract required Wellington, as seller, to "pay the State of Georgia property transfer tax" and the purchaser to pay any applicable "Georgia intangible taxes." Collectively, from these descriptive facts, the contract makes plain that Nhan and Nguyen, as purchaser, agreed to buy a shopping center known as Wellington Square located at the intersection of Indian Trail Lilburn and Dickens Road in Georgia and that a recorded promissory note payable by Wellington to GMAC and secured by a recorded deed encumbered that property. In light of these descriptive "keys" furnished within the written sales agreement, the trial court could properly consider extrinsic evidence including Cain's testimony. Compare *White v. Plumbing Distrib.*, 262 Ga. App. 228 (585 SE2d 135) (2003) (owner of 284-acre tract failed to provide sufficient description of the nine acres of undeveloped land that he wanted to sell).

Moreover, although Nhan and Nguyen subsequently asserted an affirmative defense under the Statute of Frauds, they never retracted their responsive pleading in which they admitted executing an agreement "for the sale of that certain shopping center known as 'Wellington Square' located at the intersection of Indian Trail and Dickens Road, Lilburn, Georgia." Their admission that they knew the identity and location of the property at issue constituted a solemn admission in judicio under OCGA § 24-4-24 (b) (7) and, unless withdrawn after notice, created a conclusive presumption of law. OCGA § 24-4-24 (a). Having admitted certain facts and not withdrawn their admission, Nhan and Nguyen remain bound by them. Since Nhan and Nguyen remain bound by the solemn admission, so, too, does their agent, Schmitz. See *Murray County v. Pickering*, 198 Ga. 354, 360 (1) (31 SE2d 722) (1944) (estoppels by admissions made in pleadings apply only between parties and privies to the suit). See also *Walker v. Sutton*, 222 Ga. App. 638, 640 (1) (476 SE2d 34) (1996).

To show that the intersection described in the sales agreement does not lie in Lilburn, Georgia, Schmitz, Nhan, and Nguyen offered the testimony of David N. Gill, a principal planner in the Gwinnett County Department of Planning and Development. Gill based his testimony on "a copy of a portion of the planning and zoning map identifying a portion of Land Lot 173, 6th District Gwinnett County Georgia." According to Gill, this zoning map identifies "the intersection of Indian Trail-Lilburn Road and Dickens Road." Gill testified that the four corners of "said intersection" and "the tract identified as parcel number 413 on which is believed to be located a shopping center known as Wellingtson [sic] Square, are located in the unincorporated area of Gwinnett County Georgia and are not within the city limits of Lilburn, a municipality located within Gwinnett County Georgia." But, this Gwinnett County zoning map depicts the exact

location of a specific tract consisting of approximately 5.48 acres and situated at the intersection of Indian Trail Lilburn and Dickens Road, in Land Lot 173, the 6th District of Gwinnett County, facts which buttress rather than contradict the testimony of Cain. It was for the trial court to decide what probative weight, if any, to give the map and Gill's testimony that the "Wellingtson [sic] Square" shopping center does not lie within the city limits of Lilburn. See *Marsh v. Baird*, 203 Ga. 819, 820 (2) (a) (48 SE2d 529) (1948) (where land can be definitely located, it is immaterial that a party contends that it *might* be located in another state or county).

2. Schmitz, Nhan, and Nguyen contend that the trial court improperly considered the affidavits of Segall and Cain because the absence of a "key" precluded the court from considering extrinsic evidence to find the descriptive words or definiteness required by law. In light of our holding in Division 1, this issue is moot.

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED OCTOBER 22, 2003.

*Wendell K. Willard, G. Watson Bryant, Jr.*, for appellants.
*Holt, Ney, Zatcoff & Wasserman, Scott E. Morris, Ellen W. Smith*, for appellee.