## A06A0345. GRUMET et al. v. BUNT.
(632 SE2d 486)

MILLER, Judge.

Ross F. Grumet, M.D., appeals from the grant of summary judgment[1] to Dr. Richard M. Bunt upon Dr. Grumet's complaint for damages for breach of an oral contract. Discerning no error, we affirm.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." (Citation omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's grant of summary judgment de novo. *City of McCaysville v. Cardinal Robotics, LLC*, 263 Ga. App. 847 (589 SE2d 614) (2003).

Viewed most favorably to Dr. Grumet, the evidence shows that he entered into an agreement with Dr. John Flax through which Dr. Grumet agreed to act as a consultant for Med-Psych Specialists ("MPS"), a medical practice owned by Dr. Flax. The agreement also required that Dr. Grumet staff MPS with psychiatrists and nurses. Dr. Grumet provided Dr. Bunt to serve MPS as its psychiatrist. Thereafter, and with Dr. Grumet's knowledge, Dr. Flax and Dr. Bunt entered into an agreement for Dr. Bunt to purchase MPS's office facility and take over its practice on behalf of Dr. Flax. After Dr. Bunt purchased MPS, Dr. Grumet filed the instant action against Dr. Bunt, seeking recovery of $25,172 in consulting fees that Dr. Flax purportedly owed him under a separate oral agreement that allegedly existed at the time of MPS's sale.

1. Dr. Grumet contends that the trial court erred in granting Dr. Bunt summary judgment as to his claim for breach of contract, arguing that such claim was not barred by the Statute of Frauds. See OCGA § 13-5-30 (2) (promise to answer for debt of another must be in writing). We disagree.

By his complaint, Dr. Grumet alleged that when Dr. Bunt acquired MPS, Dr. Bunt told him that he had agreed to assume financial responsibility for MPS's debts, inclusive of Dr. Grumet's fee for consultative services. Such an agreement, however, would constitute parol evidence of an oral guaranty or promise to answer for the debt or default of another, which is unenforceable under the Statute of Frauds. See *Southern Coal & Coke Co. v. Randall*, 141 Ga. 48 (80 SE 285) (1913) (company president's oral statement that he would

---

[1] Although Dr. Bunt styled his motion as one for partial summary judgment, the trial court granted Dr. Bunt summary judgment as to all counts of Dr. Grumet's complaint.

"guarantee the payment" of debt owed by the company was unenforceable under the Statute of Frauds absent evidence that the oral promise was an original undertaking independent of the principal agreement). Dr. Grumet also alleged that Dr. Bunt's promise to pay MPS's debts was "secondary" to the agreement by which he acquired MPS. This "constituted a solemn admission in judicio under OCGA § 24-4-24 (b) (7) and, [since it was not withdrawn], created a conclusive presumption in law. OCGA § 24-4-24 (a)." *Nhan v. Wellington Square, LLC,* 263 Ga. App. 717, 722 (1) (589 SE2d 285) (2003). Having admitted that any promise to pay MPS's debts was secondary in nature, Dr. Grumet has conceded that the agreement was not an original undertaking and was therefore subject to the Statute of Frauds. See id. Accordingly, summary judgment for Dr. Bunt was proper on this account.

2. Dr. Grumet contends that the trial court erred in granting summary judgment to Dr. Bunt on his claim upon an account stated, arguing that an oral promise to pay was sufficient to establish such a claim here. We disagree.

"An account stated is an agreement by which persons who have had previous transactions with each other fix the amount due in respect to such transactions and the one indebted promises payment of the balance." (Citations and punctuation omitted.) *Sanders v. Commercial Cas. Ins. Co.,* 226 Ga. App. 119, 122 (2) (a) (485 SE2d 264) (1997). It is undisputed that the unpaid fees Dr. Grumet sought in the underlying action arose out of previous transactions between himself and Dr. Flax. Moreover, the record shows no agreement as to the amount owed nor any promise by Dr. Bunt to pay the debt of Dr. Flax. Dr. Grumet deposed only that Dr. Bunt told him that "*if* he owed [the debt,] he would pay it or words to that effect." (Emphasis supplied.) This does not establish that Dr. Bunt in fact owed the debt or agreed to pay the debt. Under these circumstances, summary judgment for Dr. Bunt on this claim was proper.

3. Since Dr. Bunt was entitled to summary judgment on all of Dr. Grumet's theories of recovery, Dr. Grumet's claim for attorney fees fails as a matter of law. *Magnetic Resonance Plus v. Imaging Systems Intl.,* 273 Ga. 525, 529 (3) (543 SE2d 32) (2001) (party that does not prevail on any of its claims cannot recover attorney fees).

4. In light of the foregoing, Dr. Grumet's remaining claims of error are rendered moot.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED JUNE 12, 2006.

*Auden L. Grumet*, for appellants.
*Douglas L. Brooks*, for appellee.

