FAULKNER *v.* McKELVEY *et al.*

No. 17256. OCTOBER 11, 1950.

*J. L. Davis,* for plaintiff.

*Finley & Henson,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) Definiteness of the description of land in a contract for purchase, is measured by the same yardstick as that contained in a deed. *Harper* v. *Kellar,* 110 *Ga.* 420 (35 S. E. 667). Where an instrument is headed "Georgia, Bartow County," it is presumed that the land is located in that county. *Horton* v. *Murden,* 117 *Ga.* 72 (3) (43 S. E. 786). The instrument must disclose what the intention of the maker was with respect to the quantity and location of the land referred to. *Andrews* v. *Murphy,* 12 *Ga.* 431; *Mull* v. *Allen,* 202 *Ga.* 176, 179 (42 S. E. 2d, 360). The quantity of land agreed to be conveyed under the option here is such as is covered by a brick building, and is therefore definitely ascertainable even though there is no reference to its dimensions or shape. The property being pre-

sumed to be in Bartow County, as to its specific location therein, parol testimony that Mrs. McKelvey owned only one such described building in that county, with additional testimony as to its exact whereabouts, would identify the land in question. The contract, by its heading, establishing that the premises were in Bartow County, and the description being "the brick store building, known as the old Post Office Building," contained a key which, when aided by proper extrinsic evidence, would be sufficient to identify the land in question. *Huntress* v. *Portwood*, 116 *Ga.* 351 (3), 356 (42 S. E. 513); *Clark* v. *Cagle*, 141 *Ga.* 703 (2) (82 S. E. 21); *Blumberg* v. *Nathan*, 190 *Ga.* 64 (8 S. E. 2d, 374); *Gainesville Midland R. Co.* v. *Tyner*, 204 *Ga.* 535 (2) (50 S. E. 2d, 108).

*Judgment reversed. All the Justices concur.*