A05A2204. KAY v. W. B. ANDERSON FEED & POULTRY
COMPANY, INC. et al.

(629 SE2d 408)

RUFFIN, Chief Judge.

Rodney Kay sued W. B. Anderson Feed & Poultry Company, Inc. and W. B. Anderson (collectively "W. B. Anderson"), alleging breach of an agreement for the sale of land.[1] W. B. Anderson moved for summary judgment, arguing that the agreement was unenforceable since it did not contain "[a] clear and definite description of the land to be sold." The trial court granted the motion, and this appeal ensued. We reverse.

" 'Summary judgment is appropriate when no genuine issues of material fact remain and the movant is entitled to judgment as a matter of law.' "[2] On appeal from a trial court's ruling on a motion for summary judgment, we conduct a de novo review and construe the evidence and all reasonable inferences therefrom in favor of the nonmoving party.[3]

Viewed in this manner, the record demonstrates that W. B. Anderson owns approximately 2.09 acres in Catoosa County that is bordered on one side by Mt. Pisgah Road and on the opposite side by property owned by Kay. In 2003, Kay contacted W. B. Anderson through a real estate broker to discuss purchasing a portion of the property, and W. B. Anderson agreed to sell one acre of land.

Both parties signed a contract, which provided that W. B. Anderson agreed to sell: "[a]ll that tract of land lying and being in Land Lot 294 & 295 of the 28th District, 3rd Section of Catoosa County, Georgia, and being known as Address as shown on Map 42[,] Parcel 24 in the Tax Assessor's Office." The agreement also referred to the plat book and page number, which in turn described the property in detail and referred to a survey plat prepared by John J. Ormsby. Finally, the contract specified that the "Purchaser [was] to acquire the rear 1-acre of the above described Property as shown per survey to be conducted prior to closing." Donald Babb, a registered land

---

[1] After litigation commenced, W. B. Anderson died and the executor of his estate was substituted as a party.

[2] *Fay v. Custom One Homes*, 276 Ga. App. 188 (622 SE2d 870) (2005).

[3] See id.

surveyor, subsequently surveyed the 2.09-acre plot and prepared a plat, carving out the rear one acre.

Under the contract, the closing was scheduled to be held on or before June 20, 2003. However, on May 29, 2003, W. B. Anderson called Kay's real estate broker and said that he needed the land and had decided not to close on the sale. After W. B. Anderson failed to respond to a letter demanding that he honor the contract, Kay filed suit for breach of contract, seeking damages.

The parties filed cross-motions for summary judgment, and the trial court granted W. B. Anderson's motion and denied Kay's. According to the trial court, the sales contract was unenforceable as a matter of law because it "fail[ed] to sufficiently identify the location of the purported property line." We disagree.

To satisfy the Statute of Frauds, a contract for the sale of land must contain a description of the property sufficient for the property to be identified.[4] However, a perfect description of the land is not required.[5] Rather,

> [a]ll that is required is that the contract furnish a key to the identification of the land. If the premises are so referred to within the contract as to indicate the transferor's intention to convey an interest in a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract.[6]

We have held that "even a vague description will suffice if by competent parol evidence its precise location is capable of ascertainment and its identity can thus be established."[7] Whether the property's description is legally sufficient is a question of law for the court.[8]

Where, as here, only one side of the property fronts a road, language indicating that the "rear" half of the property is to be sold is sufficient to indicate that portion of the land the transferor intends to convey. This is particularly true in this case as there is no evidence that the parties were confused about that portion of the property to be conveyed.[9] The original property was approximately two acres, and

---

[4] See *Nhan v. Wellington Square, LLC*, 263 Ga. App. 717, 720 (1) (589 SE2d 285) (2003).

[5] See *Carden v. Carden*, 276 Ga. App. 43, 47 (1) (622 SE2d 389) (2005).

[6] (Punctuation omitted.) Id.

[7] (Punctuation omitted.) *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 688 (3) (534 SE2d 145) (2000).

[8] See *Carden*, supra.

[9] See *Swan Kang*, supra at 689; *Bulloch South, Inc. v. Gosai*, 250 Ga. App. 170, 173 (1) (550 SE2d 750) (2001).

Kay clearly sought to purchase — and W. B. Anderson agreed to sell — the rear one acre of the property, which abutted Kay's property. Under these circumstances, the trial court erred in granting summary judgment to W. B. Anderson on this basis.[10]

*Judgment reversed. Johnson, P. J., and Barnes, J., concur.*

DECIDED FEBRUARY 28, 2006 —
RECONSIDERATION DENIED APRIL 7, 2006.

*Clifton M. Patty, Jr.*, for appellant.
*Roach, Geiger & Caudill, Thomas A. Roach, Jr., Darrell R. Caudill, Jr.*, for appellees.