A06A2214. DANIEL MILL, LLC v. LYONS.
(642 SE2d 226)

SMITH, Presiding Judge.

In this dispute arising out of a contract for the sale of land, Daniel Mill, LLC (Daniel Mill) sued Eunice Lyons for breach of contract,

promissory estoppel, and negligent misrepresentation.[1] The parties filed cross-motions for summary judgment. The trial court denied Daniel Mill's motion but granted Lyons's motion in part. We affirm.

> Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable inferences most favorably to the nonmoving party.

(Citations, punctuation and footnotes omitted.) *Makowski v. Waldrop*, 262 Ga. App. 130 (584 SE2d 714) (2003).

The evidence revealed that on July 31, 2003, Lyons contracted with The Litchfield Company to sell Litchfield 94.25 acres of land. The closing was to take place on January 30, 2005. The property was described as "[a]ll that tract of land lying and being in Land Lot 67, of the 6th District of Carroll County, Georgia, and being 94.25 acres more or less together with all fixtures. . . . A plat of the 'Property' is attached hereto as Exhibit 'A' and is incorporated herein by reference." A rudimentary sketch map was attached as an exhibit to the contract.

On October 25, 2004, Lyons entered into a contract to sell to Daniel Mill for $1,746,000, "[a]ll that tract of land lying and being in Land Lot 67 of the 6[th] District . . . of Carroll County, Georgia and being known as . . . Bay Springs Road . . . Villa Rica . . . 30180." The special stipulations provided the following description: "97 acres Bay Springs Road, Villa Rica, Georgia, 30180." The special stipulations also provided that "[t]his offer shall be placed as a back-up agreement. Buyer is aware that Seller's current contract is valid until January 25, 2005. Seller must agree not to extend the current January 25, 2005 contract for any reason." Lyons and Daniel Mill amended the contract to clarify that the closing date for the then current or primary contract was actually January 30, 2005: "Seller must agree not to extend the current January 30, 2005 contract for any reason." Contrary to this agreement, however, Lyons closed the sale to Litchfield under the primary contract on February 11, 2005. The same day, Litchfield sold the 94.25 acres to Golden Isles Investment Group, LLC (Golden Isles). Daniel Mill subsequently purchased the same 94.25 acres from Golden Isles for $2,402,500.

---

[1] Daniel Mill also initially sued for specific performance, but abandoned that claim once it became moot.

Daniel Mill sued Lyons, and after the parties moved for summary judgment, the trial court found that the Lyons-Daniel Mill contract was unenforceable for two reasons: (1) the description of the property was indefinite and therefore the contract failed to satisfy the Statute of Frauds, and (2) the contract lacked mutuality of consideration. The court also found that genuine issues of fact remain regarding Daniel Mill's claims for promissory estoppel and negligent misrepresentation.

1. Daniel Mill argues that the trial court erred in finding that the description of the property was too indefinite to satisfy the Statute of Frauds. "To satisfy the [S]tatute of [F]rauds, a contract for the sale of property must contain a clear and definite description of the property." (Citation and footnote omitted.) *Swan Kang, Inc. v. Tae Sang Kang*, 243 Ga. App. 684, 688 (3) (534 SE2d 145) (2000).

> However, a perfect description of the land is not required. Rather, all that is required is that the contract furnish a key to the identification of the land. If the premises are so referred to within the contract as to indicate the transferor's intention to convey an interest in a particular tract of land, extrinsic evidence is admissible to show the precise location and boundaries of such tract.

(Citations, punctuation and footnotes omitted.) *Kay v. W. B. Anderson Feed &c. Co.*, 278 Ga. App. 674, 675 (629 SE2d 408) (2006); see *Haygood v. Duncan*, 204 Ga. 540, 540-541 (2) (50 SE2d 214) (1948). "The legal sufficiency of a description is a question of law for the court." (Citation and footnote omitted.) *Swan Kang*, supra, 243 Ga. App. at 688 (3).

Daniel Mill argues that the "key" was supplied by the extrinsic evidence of the Lyons-Litchfield contract, and that the back-up contract, although it was for 97 acres, clearly referred to the 94.25 acres described therein. We disagree. The contract between Lyons and Daniel Mill explained that it was a back-up contract, but it did not refer specifically to the Lyons-Litchfield contract nor did it incorporate the property description in that contract by reference. Compare *Z & Y Corp. v. Indore C. Stores, Inc.*, 282 Ga. App. 163, 170-171 (1) (b) (638 SE2d 760) (2006) (contract specifically referred to other, contingent contract). Although the parties agree that the Lyons-Daniel Mill contract was intended to be a back-up contract to the Lyons-Litchfield contract, "the key [to the identification of the land] must be in the document itself and lead to the establishment and location of boundaries as of the time of the execution of the contract." (Citation omitted.) *McCumbers v. Trans-Columbia, Inc.*, 172 Ga. App. 275, 277 (322 SE2d 516) (1984). Moreover, as the trial

court explained in its order, "[p]resumably, some back-up agreements only encompass a portion of the property to be conveyed in the primary agreement."

Here, the contract provided only that the property to be sold was "97 acres Bay Springs Road, Villa Rica, Georgia, 30180," located in "Land Lot 67 of the 6[th] District . . . of Carroll County, Georgia." The contract did not include a block, unit, or phase/section number. Even if this additional information was inapplicable to the property, the contract failed to provide the plat book or page number in the book that would identify the property's location. Therefore, this description alone is inadequate. See *Hedden v. Hilton*, 236 Ga. 641, 642-643 (225 SE2d 39) (1976) (deed with only land lot, district, acreage, and incomplete description of borders insufficient); *CDM Custom Homes v. Windham*, 280 Ga. App. 728, 733-734 (3) (634 SE2d 780) (2006) (description with only land lot, district, street, city and zip code insufficient without "key" of plat book and page number). The only possible "key" is the printed sentence following the description: "The full legal description of the Property is the same as is recorded with the Clerk of the Superior Court of the county in which the Property is located and is made a part of this Agreement by reference."

This standard form, however, does not refer to a *specific* document that would provide the particular location of the 97 acres or its boundaries, but only refers generally to documents in the county records concerning land lot 67.

The Carroll County property records produced by Daniel Mill contain a title affidavit showing Lyons and other family members owned 102.75 acres in land lot 67 and 2.66 acres in land lot 94. The 102.75 acres were described as "6.2 acres in the southern part of lot No. 67; 96.55 acres, more or less, in the northwest part of lot No. 67." A one-acre portion of property in both land lots was excluded and the exhibit made reference to a plat recorded in 1944.[2] Although Daniel Mill argues that the 96.55 acres described in these documents is the same 97 acres in the Lyons-Daniel Mill contract, there is no evidence to show that the location and boundaries are the same, and we cannot speculate which 97 acres out of the 102.75 acres in land lot 67 apparently then owned by Lyons was the subject of the Lyons-Daniel Mill contract.[3]

As there is no "key" that "open[s] the door to extrinsic evidence . . . lead[ing] *unerringly* to the land in question," we must agree with the

---

[2] One of those plats has been included in the record, but it is illegible.

[3] Other documents produced by Daniel Mill, tax records and documents showing that Lyons sold timber on land lots 67 and 94 (a total of 105.41 acres), shed no light on the location and boundaries of the 97 acres specified in the back-up contract.

trial court that the property description is too vague to satisfy the Statute of Frauds and that the contract is therefore unenforceable. (Citation, punctuation and footnote omitted; emphasis supplied.) *Makowski*, supra, 262 Ga. App. at 133 (1) (a) (discrepancy in acreage and location).

2. Because the trial court, in ruling that the contract was unenforceable, correctly granted summary judgment to Lyons on Daniel Mill's breach of contract claim, we need not address Daniel Mill's remaining enumerations of error. An order granting summary judgment that is right for any reason will be affirmed on appeal. See *English v. Fulton County Bldg. Auth.*, 266 Ga. App. 583, 587 (2) (597 SE2d 626) (2004).

*Judgment affirmed. Ruffin and Phipps, JJ., concur.*

DECIDED FEBRUARY 16, 2007.

*Bauer & Deitch, Henry R. Bauer, Jr.*, for appellant.
*Slaughter & Virgin, Frank W. Virgin*, for appellee.