## A08A1541. O'DELL et al. v. PINE RIDGE INVESTMENTS, LLC.

(667 SE2d 912)

PHIPPS, Judge.

After a scheduled real estate closing did not occur, both the prospective purchaser and seller claimed entitlement to funds paid as earnest money by the prospective purchaser to the prospective seller. On cross-motions for summary judgment, the trial court awarded the funds to the prospective seller. Because the parties' underlying real estate agreement was unenforceable due to an insufficient description of the property to be sold, we reverse and remand with direction.

> Summary judgment is appropriate when the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. On appeal from the grant or denial of summary judgment, we conduct a de novo review, construing the evidence and all reasonable inferences most favorably to the nonmoving party.[1]

The undisputed evidence showed that on November 7, 2006, John R. O'Dell, as "broker" and on behalf of the purchaser, JOD Consulting Services, executed an "Offer to Purchase Real Estate" (OPRE), along with a representative for the seller, Pine Ridge Investments, LLC. The OPRE described the subject real estate as "187.5 acres in Land Lot 170 Sumter County Georgia And containing 8,167,500 (187.5 a) square feet of land, more or less." In connection with the OPRE, O'Dell provided funds to Pine Ridge as earnest money. The OPRE set a date for a real estate closing and stipulated that the "[d]eposit is forfeited if property does not close." The date passed, but no closing occurred.

Thereafter, John O'Dell, individually and d/b/a JOD Consulting Services (hereinafter, collectively, "O'Dell") sued Pine Ridge, seeking return of the funds and litigation expenses. Pine Ridge counterclaimed that it was entitled to the money as liquidated damages, alleging that O'Dell had breached the OPRE by failing to appear for the scheduled closing.

O'Dell moved for summary judgment with respect to entitlement of the funds on two grounds. First, it argued that the OPRE was not an enforceable agreement, asserting that the property description within the OPRE was legally insufficient under the

---

[1] *Daniel Mill, LLC v. Lyons*, 283 Ga. App. 604, 605 (642 SE2d 226) (2007) (citation and punctuation omitted).

Statute of Frauds and that there was no "key" within the OPRE's four corners that would open the door for extrinsic evidence to provide such a legally sufficient description. Second, O'Dell argued that the OPRE provision concerning forfeiture of the deposit was unenforceable as an unlawful penalty.

Pine Ridge also moved for summary judgment with respect to entitlement of the funds, presenting evidence that John O'Dell had failed to appear for the closing. It argued that the OPRE was not rendered unenforceable for lack of a sufficient legal description, asserting that terms within the OPRE were sufficient to permit extrinsic evidence to provide a legally sufficient description. Pine Ridge further argued that the OPRE forfeiture provision was not an unlawful penalty, but a lawful provision for liquidated damages. The trial court granted Pine Ridge's motion, determining that the agreement and the forfeiture provision were enforceable.

O'Dell contends that the trial court erred in finding that the OPRE was an enforceable agreement, arguing that the description of the property was not sufficiently definite to satisfy the Statute of Frauds and that parol evidence was inadmissible to provide a legally sufficient description.

> To satisfy the Statute of Frauds, a contract for the sale of land must be in writing and must provide a sufficiently definite description of the property to be sold. Specifically, such a contract must describe the property to be sold with the same degree of certainty as that required in a deed conveying realty.[2]

> In the absence of a legally sufficient description within the contract itself, a court may, under certain circumstances, allow the introduction of parol evidence to provide such a description. A requirement for the admission of extrinsic evidence, however, is that the premises are so referred to within the contract as to indicate the seller's intention to convey a particular tract of land. Under those circumstances, the descriptive language in the contract functions as a "key" that opens the door to parol evidence, and such evidence is admissible to show the precise location and boundaries of such tract. Conversely, if the land is so imperfectly and indefinitely described in the contract that

---

[2] *McClung v. Atlanta Real Estate Acquisitions*, 282 Ga. App. 759, 762 (1) (639 SE2d 331)

> no particular tract or lot is designated, parol evidence is not
> admissible to supply a description.[3]

Whether a property description is legally sufficient is a question of law for the court.[4]

There is no question that the property description within the four corners of the OPRE fails to satisfy the Statute of Frauds;[5] Pine Ridge does not argue otherwise. Rather, Pine Ridge maintains that the following OPRE terms comprise a "key" that allows extrinsic evidence to provide a legally sufficient description: the seller's identity, a quantity of land, a specific land lot, and a particular county.

"To allow for the introduction of parol evidence to prove a legally sufficient description of property, language within the contract must 'disclose with sufficient certainty what the intention of the seller was with respect to the quantity *and location* of the land' it intended to convey."[6] "The case law demonstrates that if a contract contains even a vague description of the property's location, that description will open the door to extrinsic evidence."[7] Case law examining language not materially distinguishable from that at issue here, however, demonstrates that the OPRE is not such a contract.

In *Hedden v. Hilton*,[8] the Supreme Court of Georgia considered the legal sufficiency of language within a deed. In addition to identifying the grantor, the deed provided the following property description:

> All that tract or parcel of land lying and being in the 17th
> District and First Section Towns county, Georgia and being
> part of lot of land number 52 and containing 8 acres more or

---

(2006) (citations and punctuation omitted).

[3] Id. (citations and punctuation omitted).

[4] *Daniel Mill, LLC*, supra at 606; *McClung*, supra.

[5] See *Hedden v. Hilton*, 236 Ga. 641 (225 SE2d 39) (1976).

[6] *McClung*, supra at 763 (emphasis in original), quoting *Hanners v. Woodruff*, 257 Ga. 73, 74 (354 SE2d 826) (1987).

[7] *McClung*, supra (citation omitted). See, e.g., *Essuon v. Raynor*, 231 Ga. 297 (201 SE2d 416) (1973) (extrinsic evidence allowed where contract gave street and city address for property, but did not specify county); *Faulkner v. McKelvey*, 207 Ga. 354 (61 SE2d 478) (1950) (parol evidence admissible on contract for sale of "old post office building" in Bartow County); *CDM Custom Homes v. Windham*, 280 Ga. App. 728, 733 (3) (634 SE2d 780) (2006) (the contract's land description, which included the property's address, was a sufficient "key" to allow extrinsic evidence); *Nhan v. Wellington Square, LLC*, 263 Ga. App. 717, 721-722 (1) (589 SE2d 285) (2003) (the contract's description of the shopping center to be conveyed as "Wellington Square at Indian Trail Lilburn and Dickens Road" was a sufficient "key" to allow the court to consider extrinsic evidence); *Romanik v. Buitrago*, 153 Ga. App. 886 (267 SE2d 301) (1980) (extrinsic evidence allowed where contract specified general address of condominium complex, but did not identify specific condominium unit).

[8] Supra.

less and bounded as follows: [descriptive language that failed to clearly identify the beginning point, failed to indicate a particular tract or parcel of land, provided no exact distances, metes and bounds, or shape of the land].[9]

The Court found it readily apparent that this description was inadequate, pertinently determining that the deed was not "sufficiently definite to provide a 'key' to which extrinsic evidence could then be added to complete the description."[10]

Thereafter, in *Daniel Mill, LLC v. Lyons*,[11] this court considered the legal sufficiency of language within an agreement to purchase real estate. In addition to identifying the seller, the *Daniel Mill, LLC* real estate agreement provided the following property description: "97 acres Bay Springs Road, Villa Rica, Georgia, 30180," located in "Land Lot 67 of the 6(th) District . . . of Carroll County, Georgia."[12] Citing *Hedden*, we concluded that such description, without more, was insufficient to constitute a "key" for extrinsic evidence.[13]

Under *Hedden* and *Daniel Mill, LLC*, the OPRE terms cited by Pine Ridge fail to comprise a "key" allowing for extrinsic evidence to supply a legally sufficient property description. Pine Ridge cites an affidavit that it procured subsequent to the filing of this action, which states its ownership of land within Sumter County and references an attached metes and bounds property description. But such extrinsic material was neither within nor referenced by the OPRE and consequently cannot be considered a part of a "key."[14] Finally, Pine Ridge cites evidence that John O'Dell drafted the OPRE and relies upon the proposition that contract ambiguities are to be construed against the party who drafted the contract. But Pine Ridge's reliance upon that proposition is misplaced as "there is a marked distinction between explaining an ambiguous description by parol evidence and admitting parol evidence to supply a non-existent description."[15]

Given that the OPRE terms cited by Pine Ridge offer no indication of the location of the property, they are legally insufficient

---

[9] Id. at 642-643.

[10] Id. at 643 (citations omitted).

[11] Supra.

[12] Id. at 607 (punctuation omitted).

[13] Id. at 606-608; see *Faulkner*, supra (definiteness of the description of land in a contract for purchase is measured by the same yardstick as that contained in a deed).

[14] See *Daniel Mill, LLC*, supra at 606 ("key" to the identification of the land must be in the document itself); *McClung*, supra at 762 (document intended as exhibit to agreement, but not attached thereto at the time executed, could not be considered part of the agreement itself); see also *Faulkner*, supra at 355 (characterizing as extrinsic evidence parol testimony as to ownership of the property).

[15] *McClung*, supra at 763 (citation and punctuation omitted).

to permit the admission of extrinsic evidence.[16] As the OPRE contains neither a legal description of the subject property, nor any language that would allow the introduction of extrinsic evidence to supply such a description, the OPRE was unenforceable.[17] It follows then that the OPRE provision concerning forfeiture of the funds is also unenforceable. Accordingly, summary judgment to Pine Ridge is reversed, and the case is remanded for entry of summary judgment in favor of O'Dell regarding entitlement of the funds and for the trial court's consideration of O'Dell's remaining claim for litigation expenses.

*Judgment reversed and case remanded with direction. Barnes, C. J., and Johnson, P. J., concur.*

## DECIDED SEPTEMBER 24, 2008.

*Watson, Spence, Lowe & Chambless, Louis E. Hatcher, William F. Tyson, Jr.*, for appellants.
*Clark & Bellamy, Andrew W. Clark, Alexander & Vann, William C. Sanders*, for appellee.

---

[16] Id.

[17] See *Daniel Mill, LLC*, supra at 606-608; *McClung*, supra.