A09A0918. OCONEE LAND & TIMBER, LLC v. BUCHANAN.
(686 SE2d 452)

DOYLE, Judge.

Oconee Land & Timber, LLC, filed suit against René Buchanan, seeking specific performance of a contract to sell real property or, in the alternative, damages. The parties filed cross-motions for sum-

---

mary judgment, and the trial court ruled in favor of Buchanan, finding that the purchase agreement was unenforceable because it did not contain a legally sufficient description of the property to be sold. Oconee Land appeals, contending that the trial court erred by denying its motion for summary judgment and by granting Buchanan's motion for summary judgment. We affirm, for reasons that follow.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.[1]

So viewed, the record shows that Buchanan owned approximately 136 acres of property in Pulaski County. At some point, Buchanan entered into a written lease agreement for the property with WLD Farms, Inc. The lease agreement, which ran "for [five] years starting with 1996 and going through 2000," provided that rent was $90 per acre and granted WLD Farms a right of first refusal if Buchanan decided to sell the property.

On August 24, 2007, Buchanan signed a written contract with Oconee Land, agreeing to sell "[a]ll that tract of land lying and being in Land Lot 267 of the 12[th], District . . . of Pulaski County, Georgia" at "Hwy 247, [in] Hawkinsville, Georgia[,] . . . 31036 . . . as recorded in Plat Book see, Page Ex. A" for $272,240. It is undisputed that there were no exhibits attached to the agreement. The agreement provided that the closing was to be held on or before September 25, 2007. Buchanan then contacted WLD Farms, which made a verbal offer to purchase the property for $500 more per acre than Oconee Land had offered. Oconee Land, which had become aware of the lease between WLD Farms and Buchanan, contacted WLD Farms, advising that Oconee intended to enforce its agreement with Buchanan. In response, WLD Farms offered to buy the property from Oconee Land after the closing for $500 more per acre than they were going to pay Buchanan, but Oconee Land indicated that it did not intend to sell the property. On September 6, 2007, Oconee Land agreed in writing to sell the property (after it purchased the land from Buchanan) to Joe Meadows for $476,420. Thereafter, Buchanan refused to appear for a closing for the sale of the property to Oconee

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Land scheduled for September 14 and a subsequent closing scheduled for September 24.

Oconee Land filed suit against Buchanan on October 3, 2007, seeking specific performance of the August 24, 2007 sales agreement or, in the alternative, damages. Buchanan filed a motion for summary judgment, arguing that (1) the sales agreement was invalid because WLD Farms had a right of first refusal to purchase the property; (2) the agreement was unenforceable because it did not contain a legally sufficient description of the land to be sold; and (3) Oconee Land committed fraud and/or exercised undue influence by offering Buchanan an unfair price, as evidenced by its agreement to sell the property to Meadows for $1,500 more than it would have paid Buchanan. Oconee Land also moved for summary judgment, contending that the agreement was enforceable and that it was entitled to specific performance or damages. The trial court ruled in favor of Buchanan, concluding that although WLD Farms's right of first refusal had expired, the purchase agreement was otherwise unenforceable because it did not adequately identify the land subject to the sale.[2] This appeal followed.

1. Oconee Land argues that the trial court erred by granting summary judgment to Buchanan based on its conclusion that the description of the property contained therein was insufficient. We disagree.

> To satisfy the Statute of Frauds, a contract for the sale of land must be in writing and must provide a sufficiently definite description of the property to be sold. Specifically, such a contract must describe the property to be sold with the same degree of certainty as that required in a deed conveying realty.[3]

However, in certain circumstances, if the contract does not contain a legally sufficient description, parol evidence may be admissible to provide such a description.

> A requirement for the admission of extrinsic evidence, however, is that the premises are so referred to within the contract as to indicate the seller's intention to convey a particular tract of land. Under those circumstances, the descriptive language in the contract functions as a "key"

---

[2] The trial court did not address Buchanan's arguments regarding fraud and inadequacy of price.

[3] (Citation and punctuation omitted.) *McClung v. Atlanta Real Estate Acquisitions*, 282 Ga. App. 759, 762 (1) (639 SE2d 331) (2006).

that opens the door to parol evidence, and such evidence is admissible to show the precise location and boundaries of such tract. Conversely, if the land is so imperfectly and indefinitely described in the contract that no particular tract or lot is designated, parol evidence is not admissible to supply a description. Whether a property description is legally sufficient is a question of law for the court.[4]

Clearly, the description of the property on the face of the parties' purchase agreement — "[a]ll that tract of land lying . . . in Land Lot 267 of the 12[th] District . . . of Pulaski County, Georgia . . . known as . . . Hwy 247, City [of] Hawkinsville, Georgia[,] . . . 31036" — does not identify the land with the certainty required to satisfy the Statute of Frauds.[5] And contrary to Oconee Land's argument, the agreement does not contain a key that allows extrinsic evidence to provide a legally sufficient description.[6]

"To allow for the introduction of parol evidence to prove a legally sufficient description of property, language within the contract must disclose with sufficient certainty what the intention of the seller was with respect to *the quantity and location* of the land it intended to convey."[7] As explained by the Supreme Court in *Blumberg v. Nathan*,[8] the

idea of a "key" has been overworked, and it has certainly been frequently misunderstood. There need not be confusion about this word, and no confusion will result if the word is given its true and literal meaning. A metallic bar is a key only when it serves the purpose of unlocking the door, and is not a key if it fails in its primary purpose, which is to unlock the door. Likewise *any descriptive words in a contract for the sale of land, which will lead unerringly to the land in question, constitute the key which the law contemplates. But no amount of words in such a contract which fail to lead definitely to the land therein will constitute a key.* If

---

[4] (Punctuation and footnote omitted.) *O'Dell v. Pine Ridge Investments*, 293 Ga. App. 696, 697-698 (667 SE2d 912) (2008).

[5] See id. at 698; *Daniel Mill, LLC v. Lyons*, 283 Ga. App. 604, 606 (1) (642 SE2d 226) (2007); *McClung*, 282 Ga. App. at 762 (1).

[6] Oconee Land argues that the $272,240 purchase price contained in the agreement, coupled with the following extrinsic evidence, provides the sufficient legal description: Buchanan's admission that the purchase price was $2,000 per acre (which, divided into the purchase price, equates to 136.12 acres) and her sworn testimony that the subject property was the only property she owned in Pulaski County.

[7] (Punctuation omitted; emphasis supplied and in original.) *O'Dell*, 293 Ga. App. at 698.

[8] 190 Ga. 64 (8 SE2d 374) (1940).

such words, when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void.[9]

In *Daniel Mill, LLC*, this Court concluded that the following property description contained on the face of a purchase agreement was insufficient to constitute a "key" for extrinsic evidence: "97 acres Bay Springs Road, Villa Rica, Georgia, 30180," located in "Land Lot 67 of the 6(th) District . . . of Carroll County, Georgia."[10] The description in the instant case was virtually identical, except that the purchase agreement between Oconee Land and Buchanan did not identify the quantity of land.

Thus, because the parties' purchase agreement does not sufficiently identify the quantity or the location of the property to be sold, nor any language that would permit the admission of extrinsic evidence to supply such a description, the agreement does not satisfy the Statute of Frauds and is unenforceable.[11] It follows that the trial court did not err in granting summary judgment to Buchanan.

2. Based on our holding in Division 1, supra, we need not address Oconee Land's remaining enumeration.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED NOVEMBER 10, 2009.

*Chambless, Higdon, Richardson, Katz & Griggs, Thomas F. Richardson, Jason D. Lewis*, for appellant.
*Jones, Cork & Miller, Carr G. Dodson*, for appellee.

---

[9] (Emphasis supplied.) Id. at 65.

[10] (Punctuation omitted.) *Daniel Mill, LLC*, 283 Ga. App. at 607 (1).

[11] See *O'Dell*, 293 Ga. App. at 699-700; *Daniel Mill, LLC*, 283 Ga. App. at 607 (1); *McClung*, 282 Ga. App. at 763 (1).