## A09A1686. SALIM v. SOLAIMAN et al.

(691 SE2d 389)

ADAMS, Judge.

Talat Solaiman and Sabina Chowdhury sued Mohammad Salim for breach of contract in connection with the sale of a convenience store. Following a bench trial, the trial court awarded Solaiman and Chowdhury judgment in the amount of $27,000 plus prejudgment interest. As his sole argument on appeal, Salim contends the trial court erred in finding that the property description in the parties' purchase agreement was inadequate, rendering the agreement unenforceable.

Salim bought the property and business, a convenience store and gas station, located at 199 Upper Riverdale Road in Jonesboro in October 2006. He made some improvements to the property and then offered it for sale. Solaiman and Chowdhury approached Salim about buying the property in December 2006. After negotiating a purchase price of $975,000, the parties signed a handwritten document memorializing the terms of the agreement and on December 26, signed a more formal, typewritten "Purchase and Sale Agreement" prepared by Solaiman and Chowdhury.

The typed agreement did not contain or reference a metes-and-bounds description of the subject property but described it simply as "the property and business (known as BP Food Mart) located at 199 Upper Riverdale Road, Jonesboro, GA 30236." The agreement set a closing date of January 5, 2007 and required Solaiman and Chowdhury to pay a $25,000 "security deposit" to be applied toward the down payment. But the agreement did not specify what would happen to the security deposit in the event the sale failed to close.

In connection with their purchase of the convenience store, Solaiman and Chowdhury conducted due diligence, including visiting the store and speaking to store clerks, vendors and customers. They

also ordered a title search on the property and paid $2,000 for an application to renew the store's alcoholic beverage license in their name. During their due diligence, Solaiman and Chowdhury discovered several matters that concerned them. They also determined that the title search would not be completed by the January 5 closing date. Accordingly, they proposed postponing the closing and asked their attorney to prepare addendums to the purchase agreement that would have extended the closing to as late as January 31, 2007. Salim denied ever seeing the addendums, however, and they were never signed by the parties.

In any event, the closing did not occur on January 5. And after receiving the title report in mid-January, Solaiman and Chowdhury decided that they no longer wanted to buy the property.[1] They notified Salim of their decision and asked for reimbursement of the security deposit and the alcohol license renewal fee. On January 19, 2007, their attorney prepared a written demand for the return of these funds. Salim refused to repay the funds, and Solaiman and Chowdhury filed this action in December 2007.

The trial court issued judgment in favor of Solaiman and Chowdhury after finding the parties' purchase agreement to be unenforceable because "it does not sufficiently describe the real property to be purchased." Because Solaiman and Chowdhury first raised this issue before the trial court in their closing argument, the court allowed Salim additional time after the bench trial to submit briefing, and the court considered that briefing in issuing its ruling. The trial court concluded that even if the property description in the agreement was sufficient to provide a key for considering extrinsic evidence to identify the property, no such extrinsic evidence was tendered at trial. Thus, the court concluded that it could not enforce the purchase agreement.

"The court is the trier of fact in a bench trial, and its findings will be upheld on appeal if there is any evidence to support them. The plain legal error standard of review applies where the appellate court determines that the issue was of law, not fact." (Citation and punctuation omitted.) *T & G Enterprises v. White*, 298 Ga. App. 355, 356 (680 SE2d 196) (2009). "The question of the sufficiency of description of property in a contract is one of law, for the court; that of the identity of the property is one of fact, to be decided by the jury." (Citation omitted.) *Romanik v. Buitrago*, 153 Ga. App. 886, 887 (267 SE2d 301) (1980). See also *O'Dell v. Pine Ridge Investments*, 293 Ga. App. 696, 698 (667 SE2d 912) (2008).

1. The requirement that a contract to purchase real property

---

[1] Salim sold the property to another buyer at a lower purchase price in February 2007.

include an adequate property description arises under the Statute of Frauds. OCGA § 13-5-30 (4). To comply with the Statute, an agreement for the sale of land "must be in writing and must provide a sufficiently definite description of the property to be sold. Specifically, such a contract must describe the property . . . with the same degree of certainty as that required in a deed conveying realty." (Citations and punctuation omitted.) *McClung v. Atlanta Real Estate Acquisitions*, 282 Ga. App. 759, 762 (1) (639 SE2d 331) (2006).[2] The property description must demonstrate "with sufficient certainty" the grantor's intention with regard to the quantity and location of the land to be conveyed, "so that its identification is practicable. . . ." (Citation omitted.) *Marshall v. Floyd*, 292 Ga. App. 407, 410 (1) (664 SE2d 793) (2008). To be enforceable, therefore, the purchase agreement in this case was required to either "describe the particular tract or provide a key by which it may be located with the aid of extrinsic evidence." Id. To suffice as a key, the description "must open the door to extrinsic evidence which leads unerringly to the land in question." (Footnote omitted.) *Hendon Properties v. Cinema Dev.*, 275 Ga. App. 434, 436 (1) (620 SE2d 644) (2005). See also *Blumberg v. Nathan*, 190 Ga. 64 (8 SE2d 374) (1940). But if the words in the agreement, "when aided by extrinsic evidence, fail to locate and identify a certain tract of land, the description fails and the instrument is void." (Footnote omitted.) *Hendon Properties*, 275 Ga. App. at 437 (1).

The property description contained in the four corners of the purchase agreement clearly fails to identify the land at issue with the requisite certainty as it merely provides a street address. *Gateway Family Worship Centers v. H.O.P.E. Foundation Ministries*, 244 Ga. App. 286, 288 (2) (535 SE2d 286) (2000) (finding property description providing "nothing more than an address" inadequate). Although the description potentially could suffice as a key to the property "because it referred to a definite parcel whose boundaries presumably could be established through extrinsic sources,"[3] we agree with the trial court that the enforcement of the purchase agreement required the identification and introduction of such extrinsic evidence at trial. The existence of a key merely allows a court to consider evidence outside a contract in determining whether a property description is adequate.[4] And the trial court correctly found

---

[2] See also *Faulkner v. McKelvey*, 207 Ga. 354 (61 SE2d 478) (1950) ("Definiteness of the description of land in a contract for purchase[ ] is measured by the same yardstick as that contained in a deed.") (citation omitted).

[3] (Footnote omitted.) *Swan Kang, Inc. v. Kang*, 243 Ga. App. 684, 688-689 (3) (534 SE2d 145) (2000).

[4] See, e.g., *Essuon v. Raynor*, 231 Ga. 297 (201 SE2d 416) (1973) (extrinsic evidence

that none of the evidence introduced at the bench trial in this case adequately identified the property. Without the requisite evidence, the court was left with only the description found within the parties' contract. And that description alone, despite its potential to serve as a key, fails to meet the requirements of the Statute of Frauds.

Salim argues, however, that the trial court erred in failing to consider evidence introduced at trial that served to identify the property. He points to admissions by Solaiman and Chowdhury that they had visited the property many times and that Chowdhury had acted as a scrivener of the purchase agreement. Salim also points to testimony that Solaiman and Chowdhury had received a title search on the property from their attorney. Although he concedes that the title search was not entered into evidence, he argues that the trial court should have considered the fact of its existence in weighing the adequacy of the property description. But neither these admissions nor the fact of a title search leads unerringly to the property in question. They do not demonstrate with sufficient certainty Salim's intention with regard to the location and quantity of land to be conveyed. Although the title search may have potentially provided the requisite evidence, it was not introduced for the trial court's consideration.

Accordingly, we affirm the trial court's holding that the parties' purchase agreement was void for lack of an adequate property description. See *T & G Enterprises*, 298 Ga. App. at 358 (affirming decision in bench trial that property description reading "435 Sagamore Drive, 'more particularly described as Lot 70 77 . . . of Freeway Subdivision,' as recorded in the Whitfield County records" too vague to be enforceable).

2. Salim also appears to take issue with the fact that Solaiman and Chowdhury first raised this issue before the trial court in closing argument. It is undisputed that Solaiman and Chowdhury initially sought to recover under the contract. In fact, they pled in their complaint that the parties had entered into a binding agreement in connection with their breach of contract claim.[5] But it was Salim who actually interjected the issue of the Statute of Frauds into the case, when he asserted it as an affirmative defense in his answer. The

---

allowed where contract gave street and city address for property, but did not specify county); *Faulkner,* 207 Ga. at 354 (parol evidence admissible on contract for sale of "old Post Office Building" in Bartow County); *Nhan v. Wellington Square,* 263 Ga. App. 717, 721-722 (1) (589 SE2d 285) (2003) (the contract's description of the shopping center to be conveyed as "Wellington Square at Indian Trail Lilburn and Dickens Road" was a sufficient "key" to allow the court to consider extrinsic evidence).

[5] This allegation does not constitute an admission in judicio, because it asserts a legal conclusion and does not admit facts. *Bollers v. Noir Enterprises,* 297 Ga. App. 435, 437 (1) (677 SE2d 338) (2009).

parties ultimately reversed their positions. Solaiman and Chowdhury argued in closing that the purchase agreement was void, while Salim was put in the position of upholding the agreement. Nevertheless, it is clear that the pleadings joined the issue of the purchase agreement's enforceability for determination by the trial court,[6] and the parties were entitled to argue that issue to their advantage based upon the evidence, or lack of evidence, at trial. Moreover, we note that Solaiman and Chowdhury first notified Salim that the lack of an enforceable agreement could be a possible basis for their own recovery in interrogatory responses served nine months before trial.

*Judgment affirmed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED MARCH 4, 2010.

*Lane & Lane, Charles W. Lane*, for appellant.
*Mills & Hoopes, Timothy S. Walls*, for appellees.

---

[6] See generally *Ellis v. Savannah Bank & Trust Co.*, 234 Ga. 355 (216 SE2d 109) (1975); *Crymes v. Crymes*, 152 Ga. App. 844 (264 SE2d 275) (1979) (issue joined by general defenses asserted in responsive pleadings).