**FOURTH DIVISION**
**DILLARD, P. J.,**
**MERCIER, J., and SENIOR JUDGE FULLER.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 26, 2025**

# In the Court of Appeals of Georgia

A25A2086. FOWLER v. WILSON.

MERCIER, Judge.

In this action regarding a contract for the sale of certain real property between Charles Wyman Fowler and Charles Wilson, Fowler appeals the trial court's denial of his motion for summary judgment, contending, among other things, that the property description contained within the contract was too vague and indefinite to satisfy the Statute of Frauds. For the reasons set forth below, we agree and reverse.[1]

It is settled that

> [s]ummary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." OCGA §

---

[1] Wilson has chosen not to file an appellee's brief in this appeal.

9-11-56 (c). We review the grant or denial of a motion for summary judgment de novo, and "we must view the evidence, and all reasonable inferences drawn therefrom, in the light most favorable to the nonmovant." (Citation and punctuation omitted.) *Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010).

*Woodcraft by MacDonald v. Georgia Cas. & Sur. Co.*, 293 Ga. 9, 10 (743 SE2d 373) (2013).

Viewed in this light, the record reveals that, on March 6, 2022, Wilson filed a complaint against Fowler, alleging that, after he and Fowler executed a written agreement for the purchase and sale of land owned by Fowler, Fowler refused to convey the property. For this reason, Wilson asserted claims of breach of contract, fraudulent inducement, and specific performance. In the sales agreement upon which Wilson's claims are premised, Fowler agreed to sell property described as "Lake . . . located at Long Bay Drive." This is the only description of the property in the contract, which also contains a limitation of damages clause precluding punitive damages and a merger clause.[2]

---

[2] In an attempt to modify this description with parol evidence, Wilson filed an affidavit stating that Fowler owned two parcels on Long Bay Drive in Emanuel County, Georgia, one of which included a lake. Wilson also attested that the parties exchanged texts which included more specific information about the property. Although the affidavit states that the text messages were attached as exhibits, neither those exhibits nor the texts are included in the record.

On October 24, 2023, Fowler filed a motion for summary judgment, contending that the property description in the contract was too vague and indefinite to create a binding agreement under the Statute of Frauds, that any fraudulent inducement claim was barred, and that derivative claims for punitive damages and attorney fees failed along with the main claims upon which they were associated. A hearing was held, and, on February 11, 2025, the trial court denied the motion for summary judgment in its entirety. After we granted Fowler's application for interlocutory review, this appeal followed.[3]

1. Fowler contends that the trial court erred in its determination that the property description contained in the agreement, when supplemented by parol evidence, was sufficient to satisfy the Statute of Frauds. We agree.

In this regard,

> [t]he statute of frauds requires that a contract for the sale of land, or an option to purchase land, be in writing. To satisfy the statute, the sales or purchase option contract must contain a clear and definite description of the property. Although the description need not be perfect, the contract must furnish the key to the identification of the land intended to be conveyed by the grantor. If the premises are so referred to as to indicate his intention to convey a particular tract of land, extrinsic evidence is

---

[3] In his notice of appeal, Fowler requested that no transcripts be included in the appellate record.

admissible to show the precise location and boundaries of such tract. The test as to the sufficiency of the description of property contained in a deed is whether or not it discloses with sufficient certainty what the intention of the grantor was with respect to the quantity and location of the land therein referred to, so that its identification is practicable. A property description fails as indefinite if no particular tract of land is pointed out, but even a vague description will suffice if by competent parol evidence its precise location is capable of ascertainment and its identity can thus be established. The adequacy of a property description is a legal question for the court.

*Makowski v. Waldrop*, 262 Ga. App. 130, 132 (1) (a) (584 SE2d 714) (2003) (citations and punctuation omitted). See also OCGA § 13–5–30 (a) (4).

Parol evidence is admissible to modify an indefinite property description in only limited circumstances.

A requirement for the admission of extrinsic evidence . . . is that the premises are so referred to within the contract as to indicate the seller's intention to convey a particular tract of land. Under those circumstances, the descriptive language in the contract functions as a "key" that opens the door to parol evidence, and such evidence is admissible to show the precise location and boundaries of such tract. Conversely, if the land is so imperfectly and indefinitely described in the contract that no particular tract or lot is designated, parol evidence is not admissible to supply a description.

*Oconee Land & Timber v. Buchanan*, 300 Ga. App. 853, 855-856 (1) (686 SE2d 452) (2009) (citation and punctuation omitted).

In this case, the sales contract simply conveys: "Lake . . . located at Long Bay Drive." There is no mention of state, county, plats, metes, bounds, or any practical means to identify either the location of the property or the amount of property being conveyed. This description, then, is too vague to satisfy the Statute of Frauds, and, because "the land is so imperfectly and indefinitely described in the contract . . . , parol evidence is not admissible to supply a description." *Oconee Land & Timber*, 300 Ga. App. at 855-856 (1) (citation and punctuation omitted). In short, the deficient property description in this contract makes it unenforceable under the Statute of Frauds. See OCGA § 13–5–30 (a) (4). The trial court erred in holding otherwise.

Therefore, because the contract is not valid, any claims by Wilson for breach of contract or for specific performance of the contract are untenable. Accordingly, the trial court also erred by denying Fowler's motion for summary judgment regarding these claims.[4]

---

[4] We also point out that the form used by the parties for the alleged sale contains the following typed admonition following the signatures: "NOTE: I think we should add a separate page at the end with a note that this type of Purchase Agreement is not legally binding for the sale of real estate. We have similar language in the Bill of Sale template."

2. Fowler also contends that the trial court erred by denying his motion for summary judgment regarding Wilson's claim that he was fraudulently induced to enter into the purchase-and-sale contract based on statements and representations made by Fowler that are not contained within the sales contract. Again, we agree.

"Parties claiming fraudulent inducement have two remedies: rescind the contract as voidable or affirm the contract and sue for damages." *Overlook Gardens Properties, LLC v. Orix, USA, LP*, 366 Ga. App. 820, 831 (1) (b) (ii) (884 SE2d 433) (2023) (citation and punctuation omitted). "If [a] party decides to affirm and sue on the contract, the contract terms control, and the party is bound by any merger clause or disclaimer." Id. (citation and punctuation omitted). Here, because Wilson did not rescind the alleged contract but affirmed it and sued for damages, he must prove five elements to establish the fraud he claims occurred: "(1) a false representation made by the defendant; (2) scienter; (3) an intention to induce the plaintiff to enter into a contract based upon the false representation; (4) justifiable reliance by the plaintiff; and (5) damage to the plaintiff as a result of the fraud." Id.

However, "[w]here [an] allegedly defrauded party affirms a contract which contains a merger or disclaimer provision and retains the benefits, he is estopped from

6

asserting that he relied upon the other party's misrepresentation and his action for fraud must fail." *Weinstock v. Novare Group*, 309 Ga. App. 351, 356 (2) (710 SE2d 150) (2011) (citation and punctuation omitted). The entire agreement clause in the contract between Fowler and Wilson expressly states: "This Agreement is the complete statement of the Parties' agreement and supercedes all previous and contemporaneous written and oral communication about its subject."

> We have previously explained that

> a merger or entire agreement clause "operates as a disclaimer, establishing that the written agreement completely and comprehensively represents all the parties' agreement. Thus, if the contract contains a merger clause, a party cannot argue they relied upon representations other than those contained in the contract."

Id. at 76 (1) (a) citing *Authentic Architectural Millworks v. SCM Group USA*, 262 Ga. App. 826, 828 (2) (586 SE2d 726) (2003). For this reason, Wilson's fraudulent inducement claim fails as a matter of law, and the trial court erred by denying Fowler's motion for summary judgment on this claim.

3. Finally, in two related enumerations of error, Fowler contends that the trial court erred by denying his motion for summary judgment regarding Wilson's claims for punitive damages and attorney fees. Again, we agree.

"The derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim." *D. G. Jenkins Homes v. Wood*, 261 Ga. App. 322, 325 (3) (582 SE2d 478) (2003). Because [Wilson's] underlying claims are meritless, the trial court erred by failing to grant [Fowler] summary judgment on [Wilson's] claims for punitive damages and attorney fees.

*ABH Corp. v. Montgomery*, 356 Ga. App. 703, 706 (c) (849 SE2d 30) (2020).

4. Accordingly, as discussed above, Wilson's claims against Fowler are not viable. On remand, therefore, the trial court is directed to enter summary judgment in Fowler's favor.

*Judgment reversed and case remanded with direction. Dillard, P. J., and Senior Judge C. Andrew Fuller concur.*